ALBANY,
January, 1823.

BUTLER
v.
WRIGHT.

BUTLER *against* WRIGHT.

THIS was an action of *assumpsit*, brought by the plaintiff, as endorsee of a promissory note, against the defendant, as endorser. The note, dated *November* 22, 1816, was made by *Joseph A. Bostwick*, for 1,500 dollars, payable to the defendant, or order, at the *Middle District Bank*. The declaration was in the usual form, with the common money counts. The defendant pleaded *non-assumpsit* and payment. The cause was tried at the *Dutchess* circuit, in *April*, 1821, before Mr. Justice *Yates*. When the note fell due, it was protested for non-payment, and regular notice of the non-payment was given to the defendant, who, afterwards, paid to the bank 800 dollars, upon the note, and promised to pay the residue. The bank, who owned the note when it became due, and who continued the holders of it, brought an action against the plaintiff, as second endorser, and recovered judgment against him, for 917 dollars and 69 cents, being the balance of the note, after deducting the 800 dollars paid by the defendant. The plaintiff, afterwards, at different times, made payments to the bank on the note, so that, at the time of the commencement of the suit, he had paid 380 dollars; but there was still a balance due to the bank, who held the note. It appeared, that the note and judgment had always remained the property of the bank, and the note had continued in the hands of their attorney ever since it was delivered to him, for the purpose of bringing a suit against the plaintiff for the balance due on it; and that the balance due on the judgment, in favour of the bank, against the plaintiff, still remained unpaid. The plaintiff's counsel was about producing proof of the protest of the note, and notice to the defendant, and of his promise to pay the balance to the bank, when the Judge, on motion of the defendant's counsel, directed a nonsuit, on the ground, and, also, for money paid, &c., for the defendant, &c., and for money had &c.: *Held*, that though the plaintiff could not maintain an action on the note, as it had not been fully paid, and was the property of the bank; yet, that he might sustain the action against the defendant, and recover the 380 dollars, paid by him, on the count for money paid, laid out, and expended for the defendant, at his request.

The defendant being payee of a promissory note, for 1500 dollars, endorsed it to the plaintiff, who endorsed and delivered it to a bank. When the note fell due, it was protested by the bank for non-payment, and due notice thereof given to the defendant, who, afterwards, paid the bank 800 dollars, in part, and promised to pay the residue.

The bank sued the plaintiff, as endorser, and recovered judgment against him for the balance due on the note, after deducting the 800 dollars. The plaintiff, afterwards, paid 380 dollars to the bank, who continued in possession of the note, which had not been fully paid. The plaintiff brought an action, and declared against the defendant, as endorser of the note, in the usual form; and received.

that no action could be maintained by the plaintiff, on the note, under the circumstances stated by his counsel, until the whole note had been paid to the bank. A nonsuit was accordingly entered, with liberty to the plaintiff to move the Court, to set it aside.

*Oakley*, for the plaintiff, contended, that this action was maintainable, on the count for money paid, laid out, and expended. The money counts are founded on principles of equity, and are the appropriate counts under which a second endorsee, who has paid money on a note, can recover it against the first endorser. He cited *Chitty on Bills*, 190. 192. *Bayley on Bills*, 96. note. 13 *Johns. Rep.* 52. 353. 1 *Esp. N. P. Rep.* 261. *Peake's N. P. Rep.* 215.

*P. Ruggles*, contra, insisted, that the plaintiff could not maintain the action, as endorsee of the note, unless he had paid and got it into his possession, and could prove the making of it, the endorsement, and notice of non-payment. But the bank, being the holders of the note, have a right of action against the defendant as endorser, which must be supported by proof of the same facts. It is unreasonable, and unprecedented, that two persons can each maintain an action against another on the same note, at the same time, on the same proof, in support of their respective rights. The case furnishes no equitable ground on which the plaintiff can recover. If he recovers at all, it must be on the usual ground of action, as an endorser of a note against a prior endorser, on showing, that all the requisites which have been mentioned have been complied with, so as to give him a right of action as endorsee against such prior endorser.

SPENCER, Ch. J. The plaintiff cannot sustain an action on the note, as that would, in effect, be subdividing the cause of action, and subjecting the defendant to two actions for the same cause. In the case of *Hawkins* v. *Cardy*, (1 *Lord Raym.* 360.) the bill was for 46 pounds, 19 shillings, and it was endorsed to the plaintiff, specially, for 43 pounds, 4 shillings. Upon demurrer, the Court were of opinion, that the declaration was bad; for that such

a personal contract could not be apportioned; and that no person could be made liable to two actions, where, by the contract, he was liable to one only. In the present case, there may be another objection to the plaintiff's right to recover *on the note.* He has no title to it; it is the property of the bank until it is fully paid. But I am, also, of opinion, that the plaintiff has a legal and just right to recover on the money count, as for money paid, laid out, and expended for the defendant, at his request. As between these parties, the defendant having directly endorsed the note to the plaintiff, the note itself would be evidence under the count for money had and received, in a suit by the endorsee against his immediate endorser. ( *Chitty on Bills,* 190.) As regards the plaintiff, the defendant was under a legal obligation to take up the note, when it became due, and when it was ascertained, that *Bostwick,* the maker, failed to pay it. It is not questioned, that the plaintiff had a right, when he was called upon by the bank, to pay up the note; and had he done so, his remedy against the defendant, either by declaring on the note, or for money had and received, or for money paid, laid out, and expended, would have been clear and perfect. The fact exists, that the plaintiff has paid 380 dollars on the note, to the holders of it, which the defendant ought to have paid, with a further sum to satisfy it in full. Can the defendant make the objection, that he is subjected, not only to a suit by the plaintiff, but also to a suit by the bank, for the unpaid balance of the note? It seems to me, that he cannot. If he be allowed to do so, he takes advantage of his own wrong, which is against a maxim of the law. It is not only his duty, but in his power to remove the objection, at once, by paying the balance due to the bank. He will not be subjected to two suits, if he performs his duty. Suppose, the plaintiff is unable to pay any thing more to the bank, is he to lose the money he has paid? Suppose, a third person had, at the instance of the defendant, paid to the bank a part of this note, it certainly could not be objected, in a suit brought for the money thus paid, that the defendant would be doubly liable, first for the money paid, and also in a suit on the note by the bank. I cannot conceive the plaintiff to be in a different situa-

tion than the one supposed. He had an implied authority, from the relation he stood in to the defendant, to pay the note, or any part of it, in exoneration of the defendant; and the money thus paid would, in judgment of law, be paid for the defendant, and at his instance and request. It is well settled, that where a party is legally bound to pay the debt of another, and does pay it, he can recover in an action for money paid, &c.; (2 *Comyn on Cont.* 152.) and there need be no special request to pay. On the grounds that the plaintiff has paid 380 dollars, on account of a debt, which was demandable both from the plaintiff and defendant, but which, as between these parties, the defendant ought to have paid; and that the plaintiff himself has not attempted to split up, or subdivide any cause of action he has against the defendant; that in making the objection, the defendant rests it on his own wrongful act, in not paying the balance due to the bank; and that if he is exposed to another suit by the bank, he can remove that objection by fulfilling his contract with the plaintiff, I am of the opinion, that the defendant is liable in this action.

The case may be one of the first impression. The cases cited on the argument throw little light upon it, and I have met with none analogous to it. It seems to me, that there can be but one opinion, upon the principles I have adopted, on the justice of the particular case.

I am of opinion, that the nonsuit ought to be set aside, and a new trial granted, with costs, to abide the event of the suit.

WOODWORTH, J. concurred.

PLATT, J. dissented. The contract of an endorser is, that if the *drawer* does not pay the note when due, and presented, then (if not discharged by want of due notice) the *endorser* will pay it to the *legal holder*; and, I understand the law to be, that no party, who has *negotiated* the note, can ever maintain an action on it, until he regains it, or entitles himself to it, by paying the note. The contract is *entire*; it cannot be split up, so as to give a right of action to each of the subsequent endorsers, who may have made partial payments on

the note; *at least,* so long as the note remains outstanding and unsatisfied. When the second endorser demands payment of the first endorser, he must be in a situation to re-assign and deliver up the note; so that the first endorser may seek his remedy upon it. If the note be not delivered back, it may be put in further circulation; so that the first endorser may be compelled to pay it twice. He might, indeed, protect himself, by proving, that the note was overdue when last assigned; but the second endorser has no right to impose the burthen of such proof on the first endorser.

In this case, the note was unpaid, in the hands of the bank, when the suit was commenced by the second endorser; and so far as I can discover, it would be an entire novelty to sustain this action. In such a case, of every day's occurrence, the silence of *Westminster Hall* is emphatic against the plaintiff's claim.

The contract being *special,* on the part of the endorser, the plaintiff cannot *vary* or *dispense* with the terms of it, and resort to his general counts. It may be, that if the second endorser has paid and taken up the note, he may then maintain an action for *money had and received,* against the first endorser. (*Bayley on Bills,* 96. note. *Pierce v. Crafts,* 12 *Johns. Rep.* 90.) The note, then, in his own hands, ready to be delivered up, may be evidence of money lent, as against the first endorser; but that is not the case before us. I am, therefore, of opinion, that the rule for nonsuit ought to be made absolute.

Motion to set aside nonsuit granted.