1828.

Dale
v.
Rosevelt.

[*35]

---

## DALE AND OTHERS, EXECUTORS OF FULTON *v.* ROSEVELT.

An injunction is not waived by a delay in applying for an attachment for its violation.

Where executors obtained a decree for a perpetual injunction, restraining R. from suing or prosecuting any action at law against such executors or other representatives of their testator, for the recovery of the arrears of an annuity; held, that the prosecution of a suit at law against the heirs of the testator, who were not parties to the suit in this court, to recover the same annuity, was not a breach of the injunction. There is no privity between an executor and the heir or devisee of the land.

A record cannot be read as evidence in a suit, unless both parties, or those under whom they claim, were parties to the suit in which the record was filed.

A decree in a suit in which executors are parties, is not binding upon the heirs of their testator, unless such heirs are also parties to the suit.

May 20th.

THE defendant in this suit brought an action in a court of law to recover the arrears of an annuity against the complainants as executors of Robert Fulton. The complainants filed their bill in this court, and obtained a decree for a perpetual injunction, restraining Rosevelt from suing or prosecuting any action or suit at law against the complainants or other representatives of Fulton, for the recovery of the annuity. (See the case reported in 5 John. Ch. R. 174

and 255, and in 2 Cowen's Rep. 129.) After the determination of this suit, Rosevelt brought a suit in the Supreme Court against the heirs at law of Fulton, who were not parties to the suit in this court, to recover the same annuity. That suit has been pending two or three years, and two trials have been had therein. Dale, the surviving complainant in this suit, now makes an application in his own name for an attachment against Rosevelt and his attorney, for an alleged breach of the injunction in this suit, by the proceeding at law against the heirs.

*THE CHANCELLOR :—There is nothing in the objection, that the injunction has been waived by the neglect to apply sooner to this court, because the counsel for the heirs in the suit at law have constantly protested against the proceedings there; and it does not lie with Rosevelt to complain that he has not sooner been punished for violating the injunction, if a contempt has in fact been committed.

[*36]

The objection that Dale has no interest in this question, and therefore has no right to complain of the breach of the injunction, would probably be a valid one if the heirs were adults; and even in the case of infants, it would have been more regular if the application appeared in the notice to be made in their behalf, as their guardian or next friend. If they are entitled to the benefit of the decree, they have a right to apply directly to the court for protection; and this court will not be very rigid in insisting upon that which is mere form, where the application is in fact for the protection of the rights of infants, but will look into the real merits of the application.

The more important question here is, whether the prosecution of the suit at law against the heirs was a breach of the injunction. In the case of *Mason's devisees* v. *Peter's administrators*, (1 Mun. Rep. 446,) it was held by Judge Tucker, that there was no privity between an executor and the heir or devisee of the land. The same principle is recognized in the Supreme Court of this state, in *Osgood* v.

*The Manhattan Company,* (3 Cowen's Rep. 622.)[1]   A record in one suit cannot be read as evidence in another, unless both parties, or those under whom they claim, were parties to both suits; it being a rule, that a record cannot be used against a party who could not avail himself of it, in case it made in his favor.   (1 Munford, 394, and 1 Hen. and Mun. 165, per Roane, J.)   In *Payne* v. *Coles,* Judge Roane says, it is a rule of evidence, that no person can take the benefit of the proceedings in any suit, or any verdict, who could not have been prejudiced thereby, if it had gone against him.   (1 Mun. 394.)

The decree in this suit was not binding upon the heirs of Fulton, they not being parties to the suit; and it cannot be *binding upon Rosevelt as between him and them.   That the decree could not be binding upon the heirs, was decided by Chancellor Kent on the rehearing in this case. (5 Johns. Ch. Rep. 257.)   The heirs are not permitted to take advantage of the perpetual injunction which was granted at the suit of the personal representatives; and the prosecution of the suit at law against the heirs was not a breach of the injunction.

[*37]

Motion for attachment refused.

[1] 2 Cowen & Hill's notes to Phil. Ev. 7.