## WRIGHT *vs.* BUTLER.

A *second* action of assumpsit will lie by a *second endorser* against the *first en-dorser* of a note for monies paid on account of the note after a former action and recovery for monies previously paid; and such action may be maintained before the taking up and final payment of the note, and whilst it remains in the hands of a third person as the legal holder thereof.

Actions of assumpsit on the money counts are resorted to as substitutes for bills in chancery, and are encouraged whenever the law affords no other remedy, and where a court of equity would compel a defendant to repay to a plaintiff money which the latter had been compelled to pay for his benefit.

*It seems,* had the second endorser paid the whole amount of the note and taken it up, so that he might have maintained an action directly *on the note,* the suit *on the money counts* would not have been sustained.

The *former recovery* for the amount of monies paid at the commencement of the first suit, is no bar to a second action for other monies subsequently paid on the same account; the former recovery being as for so much money paid *at the request* of the defendant, *implied* from his legal liability to *indemnify* the plaintiff.

A record of recovery in a former action between the same parties in which it was necessary to establish the liability of the defendant as the endorser of a note is sufficient evidence in a subsequent action to establish the fact of demand and notice.

Where a party has no opportunity to plead a former verdict as an *estoppel,* the record thereof may be given in evidence, and is conclusive and binding on the party, the court and the jury.

*It seems,* that a plea of the statute of limitations would be a bar to an action by the *second endorser* against the *first endorser* for monies paid after the statute had actually run as against the defendant.

ERROR from the supreme court. This was a *second* action brought by an *endorsee* against an *endorser* to recover money paid on a note, there having been a recovery and judgment in the first action. The second action was for money paid *subsequent* to the commencement of the first suit. Wright and Butler were *accommodation endorsers* for one Bostwick on a note for $1500, bearing date 22d November, 1816, payable in 60 days, discounted for the sole benefit of Bostwick at the Middle District Bank. When the note fell due it was protested and notice given to the endorsers. The note was made payable to Wright, who endorsed it, and it was subsequently endorsed by Butler and another person. In

January, 1821, Butler having made a *partial* payment to the bank, commenced a suit against Wright to recover the amount of such payment; in his declaration was a count on the note charging the defendant as *endorser*, and also the common counts for money paid, &c. The defendant pleaded the general issue. On the trial of the cause the note, endorsement, protest and notice were proved, and evidence of the sum paid by the plaintiff was given; upon which the plaintiff claimed to recover on the *money counts only*, waiving a recovery on the count on the note, and a verdict was rendered for about $80. The defendant contended that the plaintiff not having paid and taken up the note, was not entitled to judgment. The court, however, rendered judgment for the plaintiff; see 20 *Johns. R.* 367; and in May term, 1825, the judgment was entered. In October term, 1826, Butler having subsequent to January, 1821, made further payments on the note to the amount of *$490,48*, but still not having taken up the note, commenced a second action against Wright. He again declared, setting forth the note, and also inserting the money counts. The defendant pleaded, 1. The general issue; 2. The former recovery, setting forth the declaration in the first action and the plea put in, and averring that on the trial of the cause the note endorsed by the defendant was given in evidence and read to the jury, who found a verdict for the plaintiff, and assessed his damages by reason of the breach of the defendant's contract in not making payment of the note according to his contract entered into by him by endorsing the note, to a certain amount, (part of which was remitted on the record,) that judgment was entered upon such verdict, and that such judgment was subsequently paid by the defendant; and 3. The defendant pleaded the statute of limitations. To the second plea the plaintiff *replied* that he had brought his suit *not* for the non-performance of the promises and undertakings in the plea mentioned, and in respect whereof the judgment therein mentioned was recovered, but for the non-performance of *other and different promises* and undertakings made *in modo et forma*, as in the declaration mentioned; and to the *third* plea the plaintiff replied a promise within six years. The defendant by *rejoinder* deni-

ed that he did undertake and promise, &c. as the plaintiff in his *new assignment* to the second plea had complained, &c. Issue being thus joined, the cause was brought to trial. The plaintiff proved the note, endorsement, protest, notice and payments to the amount of $490,48, made since January, 1821, by the plaintiff to the Middle District Bank ; all which evidence was objected to by the defendant, but received by the judge. The plaintiff further proved, that in 1821, the defendant acknowledged his liability on the note, and promised the plaintiff that he would pay as fast as he could. The plaintiff also proved that on the trial of the first suit *he waived any recovery on the first count in the declaration in that suit,* and claimed to recover on the *money counts only :* which evidence was objected to by the defendant. The plaintiff now again stated, that in the present suit he waived a recovery on the first count, and claimed to recover on the money counts only. The circuit judge decided that the plaintiff was entitled to recover, and under his direction the jury found a verdict for $490,48. The defendant excepted to the several decisions of the judge and applied to the supreme court for a new trial, who refused the same and gave judgment for the plaintiff. See 2 *Wendell,* 369. An objection was taken to the sufficiency of the evidence of protest, as will be seen by reference to the case in 2 *Wendell,* and overruled by the court. The defendant sued out a writ of error.

*S. Sherwood,* for plaintiff in error. The note for the payment of which the defendant was liable as first endorser, being the property, and in the possession of the bank, the plaintiff can neither maintain an action on it, or give it in evidence in support of his counts for money paid. The defendant is liable to the legal holders of the note, and to no one else. 1 *Johns. R.* 36. 9 *id.* 121. 6 *Johns. C. R.* 266. He is under no obligation other than that which results from his character as endorser. He is liable under the *express* contract ; and while it exists, no contract can be *implied* on which to render him responsible. 13 *Johns. R.* 94. His contract is entire, and cannot be split up so as to subject

him to two actions and the costs thereof. 1 *Ld. Raym.*
360. 1 *Salk.* 66. 3 *Mod.* 153, *S. C.* 15 *Johns. R.* 229.
15 *id.* 432. The former action is a bar to the present
suit. 1 *Chitty's Pl.* 602, 613. 1 *Saund.* 299, *n.* 2 & 6.
*Bull. N. P.* 92. *Cro. Eliz* 492. *Bacon's Abr. tit. Trespass,*
*D. tit. Replication,* 2. 6 *T. R.* 607. 2 *Str.* 1259. 2 *Johns.*
*R.* 210. 15 *id.* 229, 432. 6 *Johns. C. R.* 266. The defend-
ant being liable upon his *express* contract as endorser, and
not having received any consideration, cannot be charged up-
on an *implied* promise. A note cannot be given in evidence
under the money counts, unless it be shewn that the party
sought to be charged has received consideration. 3 *Campb.*
100. 8 *Taunt.* 737. 4 *Esp. N. P. R.* 201. 3 *East,* 72, 177.
7 *T. R.* 752. 1 *East,* 434. *Chitty on Bills,* 363 to 367. 2
*Starkie,* 302, *n.* 7 *Wheaton,* 35. The evidence of protest
was defective.

*E. Barnes,* for defendant in error. The evidence of pro-
test was sufficient. 20 *Johns. R.* 168. 15 *Mass. R.* 380.
2 *Wendell,* 513. 1 *Starkie's Ev.* 319. Here was no divis-
ion of an existing cause of action ; the right of the plaintiff
to demand the monies claimed in the second suit had not ac-
crued when the first suit was commenced. A party who has
an indemnity may sue from time to time as he sustains in-
jury. The note was given in evidence in the former suit as
mere matter of inducement ; it was not the basis of the ac-
tion. Where a former recovery is pleaded, the plaintiff may
new assign and give evidence of what transpired on the form-
er trial, to shew that the causes of action are different. 6
*T. R.* 607. 2 *Johns. R.* 227. 16 *id.* 136. 6 *Cowen,* 225. 1
*Starkie's Ev.* 200. An endorser is subject to the same lia-
bilities as the drawer ; he is bound to pay the debt, and in-
demnify every subsequent endorser, although he has receiv-
ed no consideration, the subsequent endorser having assum-
ed responsibility upon the strength of his engagement. 2
*Burr.* 647. 6 *Cranch,* 222. 1 *Str.* 480. 1 *Salk.* 125. 2
*Stark. Ev.* 267. 4 *Mass. R.* 258. 6 *Wheaton,* 151. 3 *East,*
483. *Chitty on Bills,* 126. *Bayley,* 66. 2 *Campb.* 182.
*Peake's Ev.* 221. 7 *Johns R.* 361. 10 *id.* 224. 13 *id.* 52.

18 *id.* 327. 1 *Peters,* 92. 3 *Salk.* 68. 5 *Cranch,* 49. 3 *Kent's Comm.* 56. 5 *Taunton,* 192. 3 *Esp. N. P. R.* 46. *Peake's N. P.* 216. 9 *Serg. & Rawle,* 240. Payments made by a subsequent endorser are for the benefit of a prior endorser, and discharged him *pro tanto.* 2 *Comyn,* 149. *Chitty on Contracts,* 179. The decisions of the supreme court as between these parties are supported by the case of *Pownal* v. *Farand,* 6 *Barn. & Cres.* 439.

*Sherwood,* in reply, said that the decision in *Pownal* v. *Farand* most probably was founded on the case in 20 *Johns. R.* 367, although not quoted by the court in *England,* and therefore might be considered only as a reiteration of the same doctrine.

The following opinion was delivered :

By the CHANCELLOR. The testimony was sufficient to take the case out of the statute of limitations, as all the payments were made to the bank by Butler within six years after the promise of Wright to pay the demand as fast as he could, and before the statute of limitations had attached. This suit was brought within six years thereafter. If Butler had not paid these sums until after the statute had actually run as against Wright, it would have presented an entirely different question ; it could hardly have been said in such case that money had been paid by Butler for the defendant, if it had been paid on a demand for which the latter was no longer liable, either to the endorsee or to the bank.

The evidence of the demand and notice of non-payment was, under the circumstances, sufficient to authorize the jury to find that the demand of payment of the note was regularly made, and that notice of non-payment was given to the endorsers. Again ; the record of the former recovery between these parties, in which the same question necessarily arose and was decided by the jury, was in evidence ; and this alone was sufficient, if not conclusive, to establish the fact of demand and notice. 4 *Haywood,* 208. 2 *Wash. Rep.* 64. 2 *Hen. & Munf.* 55. 5 *Conn. Rep.* 550. In actions where the former recovery can be set up in pleading by way

of estoppel, the party must plead it, or it will not be conclusive upon the jury in the second action; but in actions of assumpsit, &c. where the party has no opportunity to plead the former verdict as an estoppel, the record thereof may be given in evidence, and is conclusive and binding on the party, the court and the jury, as to every fact decided by the former verdict. 1 *Salk. Rep.* 277. 17 *Serg. & Rawle,* 319. 3 *Cowen's R.* 120.

If the plaintiff was entitled to recover on the money counts in the first suit only for the amount which he had then paid, that recovery can be no bar to the present action, which is for an entirely different debt, although it grows out of the same transaction. That recovery was as for so much money paid for the defendant at his request, and no more could be recovered than the plaintiff had actually paid at that time. The request is implied from the situation of the parties, and from the legal liability of the defendant to indemnify the plaintiff, or to repay him whatever he might be liable to pay on the note; but the implied promise, which was the foundation of the first suit, was to pay the amount which he had then paid. It is like the case of principal and surety, where the request to pay is implied from the legal liability of the latter, incurred for the benefit of the former. The moment the surety has been compelled to pay any thing on account of the suretyship, he may bring an action for money paid, and the law raises a promise to repay the amount; but it does not raise a promise to pay any further amount until he has been compelled to pay more, as it cannot then be known that the principal will not himself prevent the necessity of further payment. Whether in such a case the court would permit several actions to be brought, where all the payments had been made previous to the commencement of the first suit, is not necessary to be determined in this cause. The defendant always has it in his power to prevent any suit by paying what is due, if he is solvent; and if he is irresponsible, there is very little danger that those who have been obliged to pay money on his account, will risk the chances of further loss by bringing several suits, when one is sufficient to obtain the demand.

The only remaining question is the one which was involv‑ ed in the decision of the first suit. At the time of that de‑ cision, this was certainly a new question; and Justice Platt, who differed from the rest of the court, hesitated on account of there being no precedent for such a recovery; but since that time the same question has arisen in the court of king's bench in England, and has been decided in the same way. In *Pownal* v. *Ferrand*, 6 *Barn. & Cress.* 439, the holder of a bill sued the acceptor and endorser, in separate suits, and ob‑ tained judgments against all. Pownal, the endorser, paid £40 towards the bill, and the residue was collected on an *execution in the suit against the acceptor;* and the court held that the endorser might recover back the £40, in an action for money paid for the use of the acceptor. In the recent case of *Cole* v. *Cushing*, 8 *Pick. Rep.* 48, the supreme court of Massachusetts permitted the first endorsee of a note to recover against the maker, who had signed it merely for the accommodation of the payee, although the defendant was in gaol, on execution at the suit of a subsequent holder, at the time of the suit by the endorsee; the latter having actually paid the amount to the holder. If the plaintiff had been the legal owner of the whole of the note at the time this suit was commenced, so as to have been in a situation to strike out the subsequent endorsements, and recover against the prior endorser in the usual manner, by a special count on the note itself, I think this suit for money paid for the use of the de‑ fendant and at his request, could not have been sustained. These actions on the money counts are resorted to as substi‑ tutes for bills in chancery, and ought to be encouraged when‑ ever the law affords no other remedy, and where a court of equity would compel the defendant to repay to the plaintiff a sum of money which the latter had been compelled to pay for his benefit. The recovery in this case has been sustained by the supreme court on that principle, and I think their judg‑ ment should be affirmed.

It being the unanimous opinion of this court that the judg‑ ment of the supreme court ought to be affirmed, it was *affirm‑ ed* accordingly.