WASHINGTON SPECIAL TERM, February, 1850.   *Willard,* J.

### WOODRUFF *vs.* MOORE and others, survivors, &c.

The statute of limitations is a bar to an action on a promissory note, brought by the payee against the maker, although the former, after the expiration of six years from the time the note became payable, paid the amount of it to his indorsee, and thus became re-possessed of the note.

The remedy of the payee against the maker is upon the note in like manner as if he had never parted with it.

The payment by the payee to the holder, is in fulfilment of his contract as indorser, and is not money paid to the use of the maker of the note.

THIS cause was tried by the court, without a jury, by consent, at the Washington circuit, on the 25th February, 1850. On the 13th April, 1843, Philander C. Moore & Co., the defendants, in the lifetime of Wm. P. Moore, made their certain promissory note in writing, of that date, by which they promised to pay to the order of the plaintiff, at the Bank of Whitehall, the sum of one thousand dollars, six months after date, with interest. The plaintiff transferred the note by indorsement, and it became the property of William A. Moore, who three days before the statute of limitations attached, brought an action against the plaintiff alone as indorser. The plaintiff having been regularly charged as indorser, was liable to pay the note, and in October, 1849, and a few days after the six years had elapsed from the time the note became due, paid the note to Mr. Moore and took it up; and he now brought a suit against the makers, upon the note, and also charging them for money paid to their use. They interposed a plea of the statute of limitations, and the sole question was as to the validity of that defence.

*C. F. Ingalls,* for the defendants, insisted that when an indorser pays and takes up a note, his remedy against the maker is upon the note alone. (6 *Wend.* 284.  7 *D. & E.* 568, 570.  *Chit. on Bills,* 595.)

Woodruff *v.* Moore.

*J. W. Thompson*, for the plaintiff, insisted that assumpsit for money paid by the indorser will lie against the maker. (2 *Wend.* 369.) And that the statute of limitations commences running from such payment.

Willard, J. The contract between the maker of the note and the payee, or first indorsee, is that the former will pay the note according to its tenor and effect. The obligation is created by the instrument itself, and the remedy to enforce it will be discharged by the statute of limitations at the same moment, in whose hands soever the note may be. If the note had been held by the payee, for over six years, it can not be doubted that the statute of limitations would be a valid plea, on the part of the maker. The same would be the result, if the note had been held by any subsequent indorsee, however remote. If the payee, after having transferred the note, takes it up and becomes again the owner, he stands with reference to the maker in the same plight as if he had continued to hold it. His remedy is upon the note, and if over six years have elapsed since it became due, the remedy is gone if the maker chooses to rely upon the statute. It can not be said that the first endorser by taking up the note from his indorsee has merely paid money for the use of the maker. He has in fact only fulfilled his own contract, which was to pay the note in case the maker failed, on demand, to do so, and the requisite notice was given to him. If the note was at the time of such payment, outlawed as to the maker, it can not with any propriety be said, that a payment by the payee, to a subsequent party, was a payment to the use of the maker, who in truth had ceased to be liable. (*See per Walworth, Ch. in Wright* v. *Butler*, 6 *Wend.* 288.) A count for money paid to the use of another, can not be sustained, when the person for whose use it was alledged to have been paid, had ceased to be liable, and had not requested it to be made. A contrary rule would deprive the maker of the benefit of the statute of limitations, without his consent, and indeed, of every other defence to the original demand.

The plaintiff can not avoid the statute of limitations in this case, unless he can show that the *liability* of the defendant to the plaintiff was *created* by the payment, by the latter, to William A. Moore, the indorsee of the note. But no *implied* promise to repay can be raised, when there is an *express* contract, to which the party may resort, the consideration of which does not wholly fail. (*Per Lawrence, J. in Cowley* v. *Dunlop*, 7 *D. & E.* 568. *Chit. on Bills*, 595.) Promises in law only exist where there is no express stipulation between the parties. (*Per Buller, J. in Toussant* v. *Martainant*, 2 *D. E.* 105.) If the party choose to take a security, there is no occasion for the law to raise a promise. The *express* contract, in this case, was the note, upon which the defendant continued liable to the holder, whoever he might be, until the note became barred by the statute of limitation. There was no occasion therefore, for the law to *raise* a promise. And the law never does a vain and useless thing.

The misfortune of the plaintiff is that he lay by too long before taking up the note. The loss of his remedy is imputable to his own laches. This case is distinguishable from *Butler* v. *Wright*, (20 *John.* 367; *S. C.* 2 *Wend.* 369.) In that case there was no *express* contract subsisting between the parties, that the defendant, the first indorser, would repay to the plaintiff, his indorsee, such sums as the latter should pay the holder, less than the whole amount becoming due. The liability was created by an *implied* promise raised by law, and the statute would commence running only from such payment. The action could not have been brought even on the contract of indorsement; for the reason that the plaintiff did not own the note, not having paid the whole of it, and taken it up, when the suit was commenced.

In the present case, the action is properly founded upon the note; and under the code, it is presumed that the plaintiff could not recover without counting on the note. Under the former practice, the note would have been admissible in evidence under a count for money paid. (*Chit. on Bills*, 595.) But under the code, the complaint must state the facts which constitute the

cause of action. This, however, is a mere question of pleading. In both cases, the *note* would be treated as the cause of action.

I think, therefore, the defendant is entitled to judgment on the defence of the statute of limitations.

Judgment for the defendants.