Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit, containing three counts; two upon a bill of exchange, and one for money paid to the use of the intestate.
In April, 1837, Mason drew a bill of exchange on Martin, Pleasants & Co., at twelve months, for upwards of $4000, payable to W. D. Lanier, and indorsed by Lanier to Rawlings. The bill was protested, both for non-acceptance, and non-payment, and it was in proof that Mason had no funds in the hands of the drawees, at the time when the bill fell due. Notices of the protest were sent to Huntsville, Alabama, at which place the bill was dated.
It was in proof that Lanier had paid near $2000 on the bill, and that Rawlings had been sued upon his indorsement for the residue, and had paid it after judgment against him.
Mason died in 1839, and his widow qualified as executrix of his estate, in August, 1839. Notice of this claim was given to h'er, in March, 1840. A few months, thereafter, Mrs. Mason moved into Alabama, and the present defendants qualified as administrators de Ionia non, in 1845. This suit was brought in 1846.
The case comes up on exceptions to the charges given and refused respectively by the court.
The first charge, “ That if any part of the bill was paid by the first indorser, the second indorser was discharged from liability to that extent,” was correct, and requires no comment.
The second charge was, “That if part of the bill had been paid by the second indorser, he could not sue on the whole bill, and recover against the defendant, for the whole amount.” Under the circumstances, this charge, so far as it goes, is like *68 wise unobjectionable; but the jury should also have been told, that if the liability of the drawer had been fixed by proper evidence, then that the second indorser was entitled to recover as much as he had paid, by reason of his indorsement, though less than the whole amount. This was in effect asked on the part of the plaintiff, and refused. That refusal was error.
An action for money had and received will lie, by the indorser of a noté against the maker, after he has paid it. Cole v. Cushing, 8 Pick. 50. Such action is in the nature of a bill in equity, and equal and exact justice between the parties should be done in it. Wright v. Butler, 6 Wend. 290. Lanier might thus have recorded, in this form of action, what he had paid as first in-dorser. Consequently the present plaintiff should only recover what he paid, leaving Lanier to enforce his own rights. This is the justice of the whole transaction.
The judgment must be reversed for this error, and a new trial awarded.
Judgment reversed, and cause remanded for new trial.