## BARKER & SHELDON vs. CASSIDY & HIGBIE.

In an action by a subsequent indorser, against prior indorsers, to recover the amount he has been compelled to pay, in a suit brought upon the note, the real cause of action is for money paid *for the use of the defendants;* and the statute of limitations will run from the time of *paying the money,* and not from the time *when the note fell due.*

To authorize a recovery against the defendants, in such an action, it must appear in some legal way, that the money was paid for the use of the defendants.

When a judgment is recovered upon a note, against an indorser, and the defendant pays up the judgment, and then sues a prior indorser, a previous judgment in a suit brought by a subsequent holder, either for or against the prior indorsers, will not operate as an estoppel, or even as evidence in the suit, against such prior indorsers.

An affidavit, by indorsers, denying, according to their knowledge, information, recollection and belief, the receipt of any notice of protest, is a sufficient denial, within the statute, to prevent a notarial certificate from being presumptive evidence of the facts stated in it; and will throw upon the plaintiff the burthen of proving demand and notice.

A joint action, by a subsequent indorser, against separate prior indorsers, *for money paid* by the plaintiff for the use of the defendants, cannot be maintained.

On the 22d of October, 1842, Aaron Hackley made his promissory note, dated that day, whereby he promised, nine months from date, to pay to the order of Patrick Cassidy, at the Onondaga County Bank, $460. The note was indorsed by the defendants Cassidy and Higbie, for the accommodation of the maker, and also by Andrew J. Hackley and Cephas C. Barker, and was then delivered by the maker to Charles Leonard. Before the note became due, Leonard indorsed it to one Orcut. On the 23d of October, 1843, Orcut recovered judgment on the note against the maker, and all the indorsers except C. C. Barker, by default. Leonard paid this judgment to Orcut, in the year 1843, and it was then satisfied. On the 15th of November, 1843, Aaron Hackley, the maker of the note, placed in the hands of Cephas C. Barker, notes and accounts amounting to $499,46, which the latter agreed to collect and apply the avails thereof to the payment of said note. Barker collected in December, 1843, $301,76, on these notes, &c. which he retained, and never rendered any account thereof to A. Hackley.

On the 16th of December, 1844, Leonard sued C. C. Barker.

The declaration contained the common counts with a copy of the note attached. Barker defended the suit, and on the 7th of February, 1848, Leonard recovered against him damages, $363,49, and costs. Barker paid this judgment to Leonard in the year 1848. C. C. Barker, on the 13th of August, 1850, assigned to the plaintiffs his claim or demand against the defendants, on account of money paid by him as indorser of the note. This suit was commenced August 26th, 1851. The answer denied that the defendants were charged as indorsers, and was accompanied by their affidavits, that they never received notice of protest. It alleged the transfer of the notes, &c. by A. Hackley, the maker, to Barker, to pay the note, and that the latter collected the amount of the note therefrom; and also set up the statute of limitations as a bar.

The cause was tried at the Onondaga circuit in March, 1851, before Justice Pratt, without a jury; a trial by jury having been waived. After hearing the testimony, the judge decided that the plaintiffs were entitled to recover, against the defendants, the amount of the note, less the said sum of $301,76, collected by Barker; and ordered judgment in favor of the plaintiffs for $277,83 and costs. The defendants excepted, and now moved for a new trial.

*H. Sheldon,* for the plaintiffs.

*Spencer & Kernan,* for the defendants.

*By the Court,* GRIDLEY, J. The claim of the plaintiffs is founded on an assignment to them by Cephas C. Barker of his claims against the defendants and one A. J. Hackley for *moneys paid* on a certain note, they being prior indorsers on the said note. The note in question was in the following words and figures.

"Nine months from date I promise to pay to the order of P. Cassidy, at the Onondaga County Bank, four hundred and sixty dollars, for value received, with use. Dated October 22, 1842.

(Signed) AARON HACKLEY."

(Indorsed) " P. Cassidy. A. J. Hackley.
O. Higbie. C. C. Barker."

These defendants indorsed the note for the accommodation of the maker. The note was also indorsed by one Charles Leonard, and by him transferred before the same fell due, to one Oliver Orcut, who sued all the parties to the said note and took judgment against all but·Barker, on the 25th of October, 1843, by default. Leonard paid the judgment in the same year, and on the 7th of February, 1848, recovered a judgment against Barker for $363,47, and costs. Barker had previously received of the maker of the note, securities from which he realized $301,76. Barker paid the judgment in 1848, and on the 15th of August, 1850, assigned his demand to the plaintiff against the prior indorsers of the note.

I. The defendants object to any recovery, except *on the note* in question, and insist that the *action on the note is barred* by the statute of limitations. In the latter part of the opinion of the chancellor in *Butler* v. *Wright*, (6 *Wend*. 290,) it is intimated that if the plaintiff had been the owner of the whole note, so as to have been able to recover on a special count against the defendant as an indorser, on the contract of indorsement, the action on the implied promise for money paid, would not have lain. There are obvious objections in principle, and may be great inconvenience in practice, to the maintaining of an action on the implied ·promise, when the express promise exists, and may be made the subject of a suit. But as it is not, upon the evidence in this case, clear that Cephas C. Barker had that right of action on the note, for the whole of it, or had such an interest in the note or judgment as to be able to control them, we shall express no opinion on that point, but shall assume, for the purposes of this argument, that he had no such right. Then looking at the decision in the case of *Butler* v. *Wright*, as reported in 20 *John*. 367, and in another action between the same parties, (2 *Wend*. 513,) and the same case in error, (6 *Wend*. 284,) two propositions appear to be established ; (1.) That the real cause of action is for money paid *for the use* of the prior indorsers ; and (2.) That the six years will run from the *payment of the money*, and not from the time when the note fell due ;· especially when the statute had not attached at the time of the payment,

and less than six years have elapsed, since, and before the commencement of the suit. Adopting this rule, we see that the statute had not attached to this demand. Barker had a cause of action for money paid, and *that* passed to his assignees.

II. It is argued that enough appears to warrant us in the inference that the recovery at the suit of Leonard against Barker, was on account of the money received from the maker of the note; and if this clearly appeared it would unquestionably furnish a perfect defense; for, then, the payment of this money, which he had received from the maker, could not be regarded as money paid for the use of the defendants. It is, however, sufficient to say that this fact does not clearly appear, either from the amount of the recovery, or in any other way. And yet there is no reason appearing in the case, why the recovery was not for the full amount of the note. On another trial the defendants may be able to show how this fact really is. On the present argument we can assume nothing which does not appear on the bill of exceptions.

III. We have already seen that, to authorize a recovery against the defendants, it must appear in some legal way that the money was paid, *for the use of the defendants.* Now, this may be shown by proving that a demand was made, and due notice thereof served on them; and it might also be shown by proving that the money was paid at the request of the defendants, and on their promise of indemnity, or repayment. The plaintiff has, however, sought to establish this fact, by proving a prior indorsement, demand and notice, and this he has attempted to do in two ways. 1. He offered in evidence the record of a judgment by default, in the aforesaid action, in which *Orcut* obtained judgment on the note against the several parties to it. To this record, as evidence of the fact of a demand and notice, there was an objection which was overruled by the judge; to which ruling the defendants excepted. It is hardly necessary to say that this record against the defendants, *on the note* as the foundation of an action at the suit of a subsequent holder, cannot be evidence of a demand and notice, *in this suit.* (1.) It is not a suit for the same subject matter.

Were this suit brought on the contract of indorsement, it would not be the same contract as that on which *Orcut* brought his suit. In legal *effect* the indorser contracts with each subsequent holder of the note ; and each subsequent holder may sue on the contract made *to him,* and recover on the proof of a demand and of a notice of nonpayment given by himself, or by any subsequent holder ; and when he fails to prove the notice by the subsequent holder he must recover on his own notice, or fail in the suit. Again ; this suit is brought for *money paid* by Cephas Barker on the note. It is not brought on *the contract of indorsement* as was the suit, the record of which was received in evidence ; or if it had been, it would have been barred by the statute of limitations ; and it might also have been maintained against any person, unconnected with the note, at whose request the money was paid. (2.) It is not between the *same parties* or privies. This suit is brought by the plaintiffs as assignees of Cephas C. Barker of a *claim* for MONIES PAID as indorser of a promissory note ; against these defendants and Andrew J. Hackley. Now Barker himself was not a party or privy within the meaning of the authorities. He was not an executor, administrator or assignee of the *demand,* which was established in favor of Orcut in that suit. That demand on the contract of indorsement, was in judgment ; and moreover had Barker sued as the representative of that demand, he would have been met and defeated by the statute. Barker was a mere indorser himself, who assigned his claim to the plaintiffs for money *paid* as indorser and also for $220 costs in defending a suit against himself. A recovery in *this* suit may be had without the aid of a single fact established in *that.* The two causes *might* involve some of the same facts in both suits ; and might be tried, and judgment obtained on an entirely different statement of facts. Suppose the plaintiff had proved in this suit that the money was paid by him at the defendants' request, and on their promise to indemnify him; would he not have recovered against them without proof of a demand and notice, or even without proving that they were parties to the note ? It may be proper to notice a *dictum* in the suit of *Leonard* v.

Barker *v.* Cassidy.

*Barker*, (5 *Denio*, 223,) where Judge McKissock asserted that, the fact that Orcut had failed to prove a notice of nonpayment as to Barker, would have been conclusive upon Leonard in that suit, if a judgment had been entered on the report of the referee; but *on that ground* (the want of a judgment,) it was held that Leonard was not concluded, and he of course recovered against Barker. This dictum was contrary to the decision of the very able referee in that case; and we think it was manifestly erroneous. *Orcut* did not represent *Leonard,* so as to bind the latter by a decision, which he never had an opportunity to question, and in a case where he had no power to summon or examine witnesses. Orcut sued all the parties to a note, and being satisfied with a judgment against Leonard, whom he knew to be good, was careless about *proving* a notice against the other parties to the note, and actually failed to prove a notice against Barker. Leonard pays up the judgment and then sues Barker, and he sets up the finding in his favor in the other suit. The referee ruled that Leonard might, notwithstanding, prove a notice served on Barker if he could; and we think his ruling was right. He might prove a notice served by himself on Barker which Orcut was not bound to know, and could not prove; and Leonard was a stranger to this suit, and could not be barred by it. An estoppel must be *mutual,* to prevent one proving the truth. (2 *John.* 382. 14 *Id.* 446. 1 *Paige*, 35.) In the last case the chancellor says, " a record in one suit cannot be read as evidence in another, unless both parties, or those under whom they claim, were parties to both suits; it being a rule that a record cannot be used *against a party* who *could not avail himself* of it, in case it made in his favor," citing several cases. We do not think that when a note is in judgment against an indorser and the indorser pays up the judgment, and then sues a prior indorser, a previous judgment in favor of a subsequent holder, either *for* or *against* the *prior indorsers,* can operate as an estoppel; or even as evidence in the suit, against such prior indorser. There is no such privity between these plaintiffs as to make the judgment evidence. The prior indorsers have no control over the

Barker *v.* Cassidy.

action brought by the holder, and should not be bound by the judgment. (*Cowen & Hill's Notes*, 813 *to* 815, 817, 818. .7 *Barb.* 652. 1 *Ph. Ev.* 321, 326, 327.)

2. The plaintiffs also gave in evidence the notarial certificate, notwithstanding an affidavit of the defendants denying, according to knowledge, information, recollection and belief, the receipt of any notice. The notarial certificate is presumptive evidence of the facts contained in it. But it is expressly provided in the statute that the presumption shall cease, where the defendant denies by affidavit the receipt of the notice. (*Laws of* 1833, *ch.* 271.) The affidavit denying notice, renders it necessary to produce the witness who made the demand and gave the notice; and the question is, whether a denial according to knowledge, recollection and belief, is a denial within the statute. The meaning of the affidavit is, that the party has no *knowledge, recollection or belief* of receiving a notice. This is going about as far as most men would be willing to go, and about as far as most prudent and conscientious men would be prepared to go in relation to the receipt of notice several years before. How could the men know but that some clerk of theirs might have taken out the notice and brought it to their counting rooms and it was never seen by them? They cannot say that; but they can deny *all knowledge, recollection or belief* of having received the notice. Such an allegation in an answer in chancery would be a full denial that would throw on the party alleging the service of notice the burthen of proving it. Suppose the law had provided that the defendant should be examined on the trial and if he denied notice then that the witness who made the service should be produced; would not a denial of all *knowledge, recollection and belief,* cast the burden on the plaintiffs of proving the fact? It should be remembered that it imposes no great hardship on the plaintiff. He is only bound to prove the fact, just as he is bound to prove every other fact in his case. I confess I think he should have been required to prove the demand and notice, by the witness himself. But whether the rule be so or not, is immaterial in this case for,

3. The notice was proved to have been sent to Higbie at the wrong place. Mr. Kernan testified that Higbie never lived in Utica, but the notice was sent there. Of course there must be *a new trial*, and on that trial a question will arise whether a joint action can be maintained against two separate indorsers for the cause of action on which the plaintiffs were allowed to recover. The recovery is not *on the note ;* but for money paid, by a subsequent indorser against a prior one. The suit therefore is not authorized by the act which allows a joint suit against the separate parties to a note or bill of exchange. Nor was it authorized by the 120th section of the code, (*see Commissioners' Report of* 1848, *page* 127, *section* 100.) Upon the new trial, it will be open to the parties to establish several facts that are left in doubt on this bill of exceptions ; and which may exert a controlling influence upon the rights of the parties.

(A new trial was finally granted on only one of the above grounds, viz, the improper joinder of the two defendants in the pleadings.)

[ONEIDA GENERAL TERM, January 3, 1853. *Gridley, Pratt, W. F. Allen* and *Hubbard,* Justices.]