JACOB F. WYCKOFF, Plaintiff, *against* HENRY P. DE-GRAAF, Impleaded with Charles W. Scofield, Defendant.

(Decided December 4th, 1882.)

Promissory notes payable to the order of the maker were indorsed by him and by another for his accommodation, and were discounted for him by the plaintiff, who also indorsed them and procured several banks to discount them for himself. Afterwards, and before maturity of any of the notes, the maker and prior indorser stated to him that they would be unable to pay them at maturity, and requested him to pay them, promising to give him new notes; whereupon he paid each note as it matured; but the new notes promised were not delivered to him, although demanded. *Held*, that an action by him, founded upon the request made to him by the maker and prior indorser, seeking to recover from them the money paid by him to take up the notes upon such request, could not be maintained; even though, at the trial, he offered to surrender the notes; and that, under a complaint in such action containing allegations sufficient to constitute a cause of action on the notes, the averments of the request to take them up were mere surplusage, and evidence was admissible to establish defenses to an action on the notes, which had been pleaded in the answer.

EXCEPTIONS taken at a trial term of this court ordered to be heard in the first instance at the General Term.

In January and February, 1880, the defendant Scofield made to his own order six promissory notes at four months,

Wyckoff v. Degraaf.

aggregating $20,000. He procured the defendant Degraaf to indorse the notes for his accommodation, and the notes so indorsed were discounted by the plaintiff for the maker, upon an agreement which the defendant Degraaf claimed was void for usury. The plaintiff in his turn procured, through Follett, a broker, certain city banks to discount said notes for him upon his own indorsement. Before the notes matured the maker became financially embarrassed, and the maker and Degraaf requested plaintiff to pay the notes as they matured, promising to give him new notes. The plaintiff paid each note as it matured and demanded the new notes, but defendants refused.

The plaintiff sues for the money paid out to take up the six notes in question, and offered on the trial to surrender them. The defendant Degraaf, the indorser, contended that this· action was in effect brought upon the notes, and pleaded and offered to prove as a defense that he was an accommodation indorser for Scofield, the maker; that the notes were made for the purpose of being discounted by Wyckoff, the plaintiff, and that they had no legal inception before they were so discounted by him; that the plaintiff exacted an usurious rate of interest upon discounting them, and that therefore they could not be enforced in his hands. The defense was ruled out on the ground that this action was *assumpsit* on the request of defendants to plaintiff to take up the notes to save their credit; that it was a contract or request entirely independent of the paper, and that there was no difference between the position of plaintiff and that of a stranger who had taken up the notes at the request of the maker and indorser.

The defendant Degraaf also offered to show that certain collaterals which the maker of the notes had deposited with the plaintiff as security, had been surrendered by the latter without the consent of the indorser. The evidence was excluded for the reason that the action was brought upon a request independent of the contract evidenced by the notes, and that defendant Degraaf had his action for conversion.

The jury having found a verdict for the plaintiff, the defendant's exceptions were ordered to be heard in the first instance at the General Term.

*James R. Marvine,* for defendant Degraaf.

*W. I. Butler,* for plaintiff.

J. F. DALY, J.—[After stating the facts as above.]—It is contended by the plaintiff that in advancing his money to take up the six notes in question at the request of the maker and indorser, to save their credit, he stood in the position of a stranger, notwithstanding the fact that he had been the holder and owner of the notes, and was himself indorser for the purpose of getting them discounted at the banks which had discounted them for him, and that he had originally discounted them for the maker. This position cannot, I think, be maintained. The plaintiff, in taking up the notes at the banks where they had been previously discounted for him, upon his indorsement, was discharging an obligation he had incurred to the holders of the paper, and which obligation he had incurred previous to, and wholly independent of, any request by the maker and indorser that he would save their credit by paying the notes. He was repaying to the holders the moneys he had already received from them when they negotiated the paper for him.

His contract as indorser bound him to pay the notes to the holders in default of payment by the other parties, and there is no distinction between his paying the notes at maturity, but before they were protested, because he knew that the other parties would not be able to meet their obligations, and his paying at maturity on their default. The true consideration for his advancing the money to take up the notes when they matured, was that he was bound to take them up if the maker did not.

Notice from Degraaf that he could not take up the paper, and a request to plaintiff to do so, was no more than a notification to plaintiff that his liability to the holders would

mature and must be met; the request to plaintiff to meet his own obligation to the holder was not the same as a request to a stranger, and formed no consideration as of a new contract for the money so advanced. That plaintiff, when requested before the notes matured to take them up as they fell due, was requested in effect to pay his own debts due to the banks at the time of the request, see *Leggett* v. *The Bank of Sing Sing* (24 N. Y. 283). But in no case has a subsequent indorser, who has taken up the paper, and holds it with a right of action against the parties, an independent cause of action against them for the money paid to take it up. It is only where the subsequent indorser has no right to enforce the whole note, and no interest in or control of the whole note, that he may recover against a prior indorser in *assumpsit* sums paid towards the note in the hands of the holder (*Butler* v. *Wright*, 6 Wend. 284; *Baker* v. *Cassidy*, 16 Barb. 177).

The plaintiff here took up the notes, and held them with the right to enforce them as last indorser against the prior indorser and the maker. He has no independent action upon the *request* made to him by these parties that he should take up the notes. The payment by the last indorser of the whole or a part of the note is assumed to be upon the request of the parties liable to him. The cases above cited permitting a recovery by the last indorser against the prior indorser for part payments made to the holder, were sustained upon an *implied request* that such payments should be made. An express request, such as is set up in this action, does not alter the position of the parties, nor impose any other liability upon the parties already bound upon the note.

There is of course no necessity for the plaintiff to bring this action in this form, except to avoid the defenses which the prior indorser might be able to maintain against the notes set forth in the complaint if an action were brought against him upon them. As a device for recovering the amount of the notes, in spite of any defenses which may

exist to them in his hands, I think it ingenious but unauthorized.

The complaint sets forth a cause of action for the notes by the holder against the maker and indorser, and the allegations of an express request by the indorser to him to take them up are mere surplusage.

The defendant Degraaf is entitled to maintain, if he can, the defenses he has pleaded.

The defendant's exceptions ought to be sustained, and the verdict should be set aside and a new trial ordered, with costs of the former trial to defendant Degraaf to abide event.

VAN BRUNT and VAN HOESEN, JJ., concurred.

Exceptions sustained and new trial ordered, with costs to defendant to abide event.