### FRANK *v.* BREWER.

*(Supreme Court, General Term, Fifth Department.   October 19, 1889.)*

1. EVIDENCE—RES GESTÆ—LETTERS OF THIRD PERSONS.
   Where letters offered in evidence are the declarations of third persons, written long prior to the controversy upon which the action is founded, they are not part of the *res gestæ,* and are properly excluded.
2. LIMITATION OF ACTION—ACCOMMODATION PAPER.
   Where an accommodation maker of a note pays the same, or a part thereof, his right of action against the payee accrues at the time of such payment.

Appeal from circuit court, Erie county.

Action by Abraham Frank against Sarah J. Brewer, as executrix of Robert McClure, to recover money paid on a promissory note, whereof plaintiff was an accommodation maker, and defendant's testator was the payee. There was a judgment upon a verdict for the plaintiff, and defendant appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*Tracy C. Becker,* for appellant.   *A. C. Calkins,* for respondent.

MACOMBER, J.   This action is brought to recover the sum of $125, which was paid by the plaintiff on the 3d day of June, 1880, upon a certain promissory note made by the defendant's testator and one Christian Miller and the plaintiff. The reason for the recovery is stated to be the fact that the plaintiff was an accommodation maker only, for the benefit of the defendant's testator, Robert McClure. These persons, Robert McClure, Christian Miller, and the plaintiff, Abraham Frank, made a promissory note on the 1st day of May, 1877, in the sum of $350. The holder of the note procured judgment thereon May 10, 1878, against the makers Miller and Frank. On the 29th day of July, 1880, Frank, the plaintiff, paid on such judgment the sum of $125, being a compromise of his agreement, and was released from the judgment. The matter of contention at the trial was whether the plaintiff had signed the note in question wholly for the benefit of Robert McClure. The evidence upon this question consists of testimony of several witnesses, and the same was submitted to the jury under an elaborate charge. Upon the testimony adduced, the jury were justified in the verdict rendered by them.

The main ground of this appeal consists in the alleged error of the trial court in excluding certain letters which were written by one Conger and Robert McClure in the year 1876. There is evidence to show that at the time the controversy between the parties to this action arose these letters were produced, and their contents urged against the claim of the plaintiff. While it would not have been error to receive these letters as a part of the conversation between the parties, yet, under the circumstances disclosed, their exclusion does not appear to be erroneous. They were the declarations of third persons, written at a time long prior to the controversy, and could not, in any view of the case, be deemed *res gestæ.*

The only other question in the case is that of the statute of limitations.

Though more than six years had elapsed between the time of the making of the note and the time of the beginning of the action, yet it was less than six years between the time of the payment by the plaintiff and the beginning of this action. It is very clear that the cause of action accrued only at the time of the payment by the plaintiff, which was July 29, 1880, and that the statute of limitations ran only from that time. *Barker* v. *Cassidy*, 16 Barb. 177; *Butler* v. *Wright*, 20 Johns. 367. In the notice of appeal we observe an attempt is made to review an order of the special term allowing the plaintiff to recover costs and disbursements. The order and the papers upon which it was granted do not appear in the printed case before us; consequently we cannot review the order. In the absence of such papers, a strong presumption arises that the costs which appear in the judgment were properly awarded against the estate represented by the defendant, either upon the ground that she unreasonably resisted or neglected payment of the claim, or that she refused to submit the same to a referee, under the statute. Sections 1835, 1836, Code Civil Proc. The judgment and order should be affirmed, with costs.