### BLANCHARD v. BLANCHARD.

(Supreme Court, Special Term, Chautauqua County.   December 22, 1908.)

1. BILLS AND NOTES (§ 260*) — ACCOMMODATION INDORSEMENT — MAKER'S LIA-
    BILITY.
        While the maker of a note is impliedly bound to reimburse one indors-
    ing it for his accommodation for any payment the indorser may be com-
    pelled to make, he cannot sue the maker until he has made the payment.
        [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 608; Dec.
    Dig. § 260.*]

2. LIMITATION OF ACTIONS (§ 56*) — REIMBURSEMENT OF SURETY — ACCRUAL OF
    RIGHT OF ACTION.
        Limitations on an action by a surety against the principal for reim-
    bursement run, not from the time when the debt was due, but from the
    time when the surety paid it.
        [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 309;
    Dec. Dig. § 56.*]

3. LIMITATION OF ACTIONS (§ 56*)—MONEY PAID—LIMITATION APPLICABLE.
        An action by an accommodation indorser against the maker of a note for
    payments thereon for the maker's benefit, brought within six years from
    the making of any of the payments, is brought in time.
        [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 307;
    Dec. Dig. § 56.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. PRINCIPAL AND SURETY (§ 185*)—REIMBURSEMENT—OBLIGATION IMPLIED.

A principal is impliedly bound to indemnify his surety for payments made as surety.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 524; Dec. Dig. § 185.*]

5. PRINCIPAL AND SURETY (§ 185*)—PAYMENT BY SURETY—REQUEST PRESUMED.

A payment by a surety on the principal's account is presumed to be made at the principal's request.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 524; Dec. Dig. § 185.*]

6. GUARANTY (§ 100*)—PAYMENT BY GUARANTOR—REQUEST PRESUMED.

A payment by a guarantor on the principal's account is presumed to be made at the principal's request.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 112, 113; Dec. Dig. § 100.*]

7. BILLS AND NOTES (§ 260*)—RIGHT OF INDORSER AGAINST MAKER.

An accommodation indorser of a note, who has been compelled to make payment thereon, can maintain an action against the maker for money paid to his use.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 608; Dec. Dig. § 260.*]

Action by Esther F. Blanchard, administratrix of Flint Blanchard, deceased, against Amos F. Blanchard. Judgment for plaintiff.

A. Frank Jenks, for plaintiff.

John G. Wicks and Vernon E. Peckham, for defendant.

WHEELER, J. This case is submitted to the court for decision upon stipulated facts, which are substantially as follows:

The principal facts are: That on or about the 12th day of May, 1900, at Jamestown, N. Y., the defendant made his certain promissory note in writing, whereby, in three months after said date, he promised to pay to the order of Flint Blanchard, at Chautauqua County Trust Company, of Jamestown, N. Y., the sum of $1,100.15. That the said note thus made was indorsed by the said Flint Blanchard by writing his name on the back thereof, and delivered to one Daniel Griswold, who then became the owner and holder thereof; and that the said Griswold advanced to the said defendant the said sum of $1,100.15 on account of said note. That the indorsement of the said Flint Blanchard was wholly for the accommodation of said defendant, Amos F. Blanchard. That on or about the 9th day of July, 1900, the said Flint Blanchard made and executed an indorsement on the back of said note in the words and figures following:

"I hereby waive demand of payment and notice of nonpayment, and guarantee the payment of this note.

"Jamestown, N. Y., 7/9/1900."

That when said note became due and payable, to wit, on the 12th day of August, 1900, it was presented for payment at the place where the same was payable, and payment thereof duly demanded, which was refused, and that the defendant has ever since refused to pay the said note, or any interest thereon, or any part thereof. That before making any payment on said note said Flint Blanchard requested said

Daniel Griswold to write to the said defendant, asking him to pay said note or some part thereof, and that said Daniel Griswold did write to said defendant, asking him to make a payment on said note; but that said defendant never answered said letter, nor did he ever make a payment on said note. That on or about the 2d day of June, 1904, the said Flint Blanchard paid on said note the sum of $367.98, and the same was indorsed upon said note by the said Daniel Griswold. That on or about the 19th day of July, 1905, the said Flint Blanchard paid to said Daniel Griswold on said note the sum of $60, and that said payment was indorsed on said note. That said Flint Blanchard died intestate on or about the 17th day of February, 1906, and that this plaintiff was thereafter duly appointed administratrix of the goods, chattels, and credits of said Flint Blanchard, deceased, and that letters of administration were duly issued to her. That on the 19th day of February, 1907, the said administratrix, on demand of said Griswold, paid the balance of said note then due and unpaid, in full satisfaction of the liability of said Flint Blanchard upon said note.

The complaint bases the action, not upon the note in question, but for money paid, laid out, and expended for the use and benefit of the defendant by reason of the liability created by the indorsement of the note in question. The defendant contends that, inasmuch as the note itself was outlawed and could not have been enforced by the holder against the maker, this action cannot be maintained in favor of the indorser, who made payments thereon. On the other hand, the plaintiff contends that the action is not one based on the note itself, but for moneys paid and advanced for the defendant's use and accommodation, and that the cause or causes of action for such payment accrued within six years from the time this action was begun, and therefore the statute of limitations constitutes no defense.

We are of the opinion that the plaintiff's contention is correct. When the plaintiff's intestate indorsed the note in question for the accommodation of the defendant, the law implied a contract between them that the maker would reimburse the indorser for any moneys he might be compelled to pay by reason of such indorsement. But the indorser could maintain no action against the maker until he had in fact made payment on the note by reason of his liability as indorser. As against a principal debtor, by a surety who has paid the debt, the statute of limitation runs, not from the time when the debt was due, but from the time when the surety paid it. Thayer v. Daniels, 110 Mass. 345; Appleton v. Bascom, 3 Metc. (Mass.) 169; Hall v. Thayer, 12 Metc. (Mass.) 130; American & English Ency. of Law, vol. 27, p. 481, and cases cited.

This action was brought October 8, 1907, and therefore was begun before the expiration of six years from the making of any of the payments by the plaintiff or her intestate upon the note in question. It follows that the statute of limitations constitutes no defense in this action, provided the action can be maintained for moneys paid and expended for the use and benefit of the defendant. That this may be done we think is fundamental. The law implies a promise on the part of the principal to indemnify the surety, and to pay him all the money he might be compelled, in consequence of his liability as surety, to pay

the creditor. Thayer v. Daniels, 110 Mass. 346; Konitzky v. Meyer, 49 N. Y. 572; Stearns on Suretyship, § 296. It is the rule that a payment by a surety or guarantor for the account of a principal is presumed to be at the request of the latter, which raises an implied promise of reimbursement. Stearns on Suretyship, § 296.

The action in this case is, in form, based on the implied promise, and it is maintainable upon the plainest elementary principles. The right of recovery has been upheld in a number of well-considered cases.

In the case of Butler v. Wright, 20 Johns. 367, the defendant, being the payee of a promissory note for $1,500, indorsed it to the plaintiff, who in turn indorsed and delivered it to a bank. The note was protested for nonpayment, and the plaintiff afterwards paid $800 in part, and promised to pay the balance. The bank subsequently sued the plaintiff and recovered judgment for the unpaid balance due on the note. The plaintiff afterwards paid $380 to the bank. The balance of the note was unpaid, and the bank continued to hold the note. The plaintiff brought an action, and declared against the defendant as indorser of the note in the usual form, and also for money paid for the defendant. It was held that, though the plaintiff could not maintain an action on the note, as it was not fully paid and was still held by the bank, he might maintain an action against the defendant on the count for money paid, laid out, and expended for the defendant at his request.

In the case of Norton v. Hall, 41 Vt. 471, the plaintiff was an accommodation indorser upon a promissory note. When the note fell due, the plaintiff being unable to pay it, the bank holding it demanded additional security, which the plaintiff gave, which the bank held until the plaintiff finally paid the note, which was more than six years after it became due. The court held that, the maker having failed to pay the note when due, the plaintiff had the right to make the arrangement with the bank, and that the maker could not avail himself of the statute of limitations as a defense to a suit by the plaintiff against him, brought within six years from the time the plaintiff paid the note. The court held that the plaintiff's right of action at law as surety for the defendant accrued on the payment of the note to the bank, citing Bishop v. Day, 13 Vt. 81, 37 Am. Dec. 582; Baker v. Marshall, 16 Vt. 522, 42 Am. Dec. 528.

The defendant's counsel rely on the reported case of Woodruff v. Moore, 8 Barb. 171. That case, however, is to be distinguished from the one now under consideration. In that case an indorser and payee of a note, having paid the same, declared and sought to recover upon the note itself, and did not sue for moneys paid and expended. It was held no recovery could be had, because the instrument itself had been outlawed. A different result would have undoubtedly been reached, had a timely action been brought for moneys paid and expended for the defendant's benefit.

For these reasons, we conclude the plaintiff is entitled to recover.

Judgment directed accordingly.