JOHN F. GODFREY, administrator, *vs.* MATTHIAS E. RICE.

*Promissory note.   Action—indorser against maker for money paid—when cause of action accrues.*

When the first indorser of a negotiable promissory note has been compelled to pay it, by a judgment in a suit commenced prior to the intervention of the statute of limitations, he may recover the amount of the note of the maker in an action for money paid.

The cause of action, in such case, accrues when the payment is made.

Thus, in May 1859, the defendant gave his negotiable promissory note payable on time, to the plaintiff's intestate, who indorsed it to a third person who indorsed it and got it discounted. The note went to protest, and the indorsers were seasonably notified. The latter indorser sued the former, and recovered judgment in October, 1870, for the amount of the note. After paying the judgment, the former indorser brought this action for money paid. *Held,* that the action was maintainable; and that the cause of action accrued when the payment was made.

ON REPORT.

ASSUMPSIT,—one count for money had and received, and one for $2,712.91 laid out and expended for the use of the defendant. The writ was dated Nov. 1, 1870.

Butler & Co., Bartlett's indorsees, paid the note to the holder, and on March 17, 1863, commenced an action against Bartlett as their indorser on the note. The action was entered at the April term, 1863. At the October term, 1870 (Bartlett having deceased and the present plaintiff having appeared as his administrator),

judgment was rendered against the present plaintiff for $2,712.91, which was satisfied by the plaintiff out of his intestate's estate.

The remaining facts sufficiently appear in the opinion.

*John F. Godfrey, pro se.*

*L. Barker,* for the defendant.

APPLETON, C. J.   On 2d May, 1859, Woodbury & Grover gave their note payable in a year from its date for $1,500 to Joseph Bartlett, or order, by whom it was indorsed to James H. Butler & Co.   The note was discounted for the benefit of Butler & Co. upon their indorsement; but before its maturity, Woodbury & Grover having failed, it was protested and the indorsers seasonably notified.

On 17th March, 1863, Butler & Co. having been compelled to take up the note, commenced a suit against Joseph Bartlett, the plaintiff's intestate, as indorser, in which after a long and tedious litigation, they recovered judgment at the October term, 1870, in Penobscot county, for the amount of debt and the accruing costs, which this plaintiff, Bartlett having deceased, paid out of the estate of his intestate.

Assuming, in the discussion of the question presented, that the defendant was a member of the firm of Woodbury & Grover, which the plaintiff offers to prove, is this action maintainable against him?

It is obvious that Butler & Co., if the present holders of the note, could not recover upon it, inasmuch as the statute of limitations, if pleaded, would be a bar to the maintenance of the suit.   For the same reason the plaintiff, as the present holder, must fail in a suit on the note.

As the payment was made by plaintiff, long after the statute of limitations would constitute a bar to the note, if it had been voluntary, it would not have entitled him to recover.   *Wheatfield* v. *Brush Valley Township,* 25 Penn. 112.

But it was not voluntary.   It was by compulsion of legal pro-

cess. When the suit was commenced, the note was in force, though when the payment was made in satisfaction of the judgment recovered, it had long been barred by the statute.

It is very clear that the indorser had no right of action against the maker for money paid until payment, and the question now presented is whether he had then.

In the case of co-sureties, it is well settled that one surety, when his payment is compulsory, may recover the amount paid of his co-surety, notwithstanding the statute of limitations would have been a bar at the time of such payment. In *Crosby* v. *Wyatt*, 23 Maine, 156, the suit was commenced against the surety before the statute of limitations attached, but the judgment and payment thereon were subsequent thereto. The plaintiff's right of action was held to arise, when the payment was made by him on such execution. "It is no sufficient defense, therefore," observes Shepley, J., "for the defendant to show that he could not have been compelled by law to pay any part of that note, when it was paid by the plaintiff; for that would not show that he had not broken his implied contract with the plaintiff to save him from loss, by his being compelled to pay that half of the note, which he ought himself to have paid." In *Norton* v. *Hall*, 41 Vt. 471, the payment was made more than six years after the maturity of the note by the surety, and the principal was held liable. In that case, when the note became due, the surety being unable to pay it, the bank holding it demanded additional security, which he gave and which the bank held until the note was paid by such security which was more than six years after its maturity. It was held, that the maker having failed to pay the note when due the surety had a right to make this arrangement with the bank, and that the maker could not avail himself of the statute of limitations in a suit brought within six years from the payment of the note, the payment not being voluntary. "It was the duty," remarks Wilson, J., "of the defendant, at all times, so long as the plaintiff remained surety, by force of the liability incurred by signing or indorsing the note, to indemnify the plaintiff by paying the note. The neglect of the defend-

ant to pay the note when it became due, compelled the plaintiff to give the bank additional security, and to request further time of payment. All this was done while both plaintiff and defendant were liable to pay the note."

Where the last indorser in part pays the note indorsed, he can recover of his indorser, in an action for money paid, laid out, and expended, the amount so by him paid, notwithstanding the note remained in the hands of the indorsee not fully paid. *Butler* v. *Wright*, 20 Johns. 367. So, a second action will lie against the first indorser for money paid on account of the note after a former action and recovery for money previously paid. *Butler* v. *Wright*, 6 Wend. 284. And such action may be maintained before the final payment of the note, and while it remains in the hands of a third person as the legal holder thereof. " The moment the surety has been compelled to pay anything on account of the suretyship, he may bring," says Walworth, Ch., " an action for money paid, and the law raises a promise to repay the amount; but it does not raise a promise to repay any amount until he has been compelled to pay more, as it cannot then be known that the principal himself will not prevent the necessity of further payment." To the same effect is the decision in *Rushworth* v. *Moore*, 36 N. H. 189.

But the present is the case of an indorser against the maker. It was held in *Cole* v. *Cushing*, 8 Pick. 48, that the maker of a note, who has been committed to jail on a judgment in favor of the holder, is liable to be sued by an indorser, who pays the note to the holder, and that the indorser may bring his suit while the maker is in jail on the prior suit. The action for money paid, laid out, and expended will lie. *Wild* v. *Fisher*, 4 Pick. 421. In *Pownal* v. *Ferrand*, 6 B. & C. 439, the plaintiff, the indorser of a bill of exchange, having been sued by the holder and compelled to pay a part of it, sought to recover the money so paid of the acceptor. Lord Tenterden, C. J., said : " I am of opinion that the plaintiff is entitled to recover, upon the general principle that one man, who is compelled to pay money which another is bound by law to pay,

is entitled to be reimbursed by the latter; and I think that money paid under such circumstances may be considered as money paid to the use of the person who is bound to pay it." " If I pay your debt," says Bayley, J., " because I am forced to do so, then I may recover the same, for the law raises a promise on the part of the person, whose debt I pay, to reimburse me." In *Hubbly* v. *Brown*, 16 Johns. 71, Spencer, J., says, " we have regarded the indorser in the nature of a surety, and the maker of the note as the principal debtor."

Nor does it matter that the holder could not maintain an action on the note. When one of two makers of a note is discharged by the statute of limitations, and the other remains liable and pays the note, he is entitled to recover contribution of the former. *Peaslee* v. *Breed*, 10 N. H. 489. The rule of law seems to be that when one of two or more co-promisors, without assuming any new ground of liability, continues liable upon his original contract, and is compelled, by virtue of such contract, to pay the debt of his co-promisors, in such case the equitable liability of the other co-promisors, for contribution, will still remain, notwithstanding such other co-promisors may be discharged by the operation of the statute of limitations from liability to the original promisee. *Boardman* v. *Page*, 11 N. H. 432. So an action for money paid, laid out, and expended will lie at the suit of the last indorser against his prior indorser, for money paid the holder of the note. Though such payment is but in part satisfaction of the same. *Butler* v. *Wright*, 2 Wend. 369. In that case, it was held the cause of action accrued when the payment was made. The cause of action was not upon the note but for the part-payment.

The maker of a note, payable to order, authorizes its indorsement and subjects himself to all the liabilities arising therefrom. It has been seen that the indorsee, making payments on an over-due note on account of his liability as such, may sue for the amount so paid, though the note is in judgment or in the hands of the indorsee, unpaid, and that his right of action accrues when the payment is made, when made before the statute of limitations con-

stitute a bar. The right of action arising upon such payment, it follows that the statute of limitations, as between the indorser thus paying and the maker for whose use the payment is made, commences running at the time of the payment. It is apparent, therefore, that though the statute would be a bar if a suit were brought upon the note, it would not be if for money paid for the use of the maker, which it was his duty to have paid. If the payment is by legal compulsion, as upon a judgment in a suit commenced before the intervention of the statute, the same result would follow.

If the holder of the note of Woodbury & Grover had recovered judgment against the makers and the several indorsers, the last indorser, paying in whole or in part, could have recovered the amount by him paid, of his prior indorser or the makers. If he collected it of an indorser his right of action would not arise until payment. It would arise when he paid it, if the payment was by legal compulsion in a suit commenced before the statute attached. In this case, Bartlett, the plaintiff's intestate, could not have pleaded the statute bar in Butler's suit against him, for the suit was seasonably commenced. He could not avoid his liability. He could not sue the maker until he paid, and only for what he paid. If judgment had been recovered against him during the life of the note, but it had not been collected until within more than six years, from inability to find property, and it was then paid, the delay would not have prevented his recovery of the makers. So here the delay cannot defeat the plaintiff's equitable rights. He has been compelled to pay money for the use of the defendant. He could not avoid such payment. His right of action accrued in consequence of his payment and when it was made. The defendant's liability to him then first arose, and not before. He is not sued as the maker of the note, for that may be in the indorsee's hands, but for money paid to his use and for his benefit, which the plaintiff's intestate has been compelled to pay and which it was the duty of the defendant to have paid. The statute commences running from the date of the payment and not the date of the note.

The counsel for the defendant, in his able argument, relies upon

the case of *Luce* v. *McLoon*, 58 Maine, 325. It seems that on 28th April, 1855, A. G. Luce, the plaintiff's intestate, N. A. Farwell, and the defendant signed a note as surety for one Jackson, who on the same day gave a mortgage of certain goods to the defendant and I. K. Kimball, to secure this and other notes. This mortgage they discharged Oct. 1, 1855.

On the 29th December, 1858, N. A. Farwell, one of the sureties, took up the note, and on 24th December, 1864, the plaintiff, as administratrix, paid him one-third of the amount, and on the same day commenced a suit against the defendant. It is obvious that she had no claim on the money counts against the defendant as she had only paid her just contributory proportion.

The suit, if sustainable at all, could only be sustained because of the wrongful or fraudulent discharge of the mortgage, for the doing which the writ contained a special count. But the wrong for which redress was sought was done Oct. 1, 1855. The right of action then accrued. But the suit was not commenced until 24th December, 1864, and it was then held to be barred by the statute of limitations. It will be perceived, therefore, that the decision does not affect the questions here presented. The plaintiff failed on the money counts because she was not entitled to recover anything. She had only paid her third. If the defendant owed a third to anybody it was to Farwell by whom the note had been paid. No suit could be maintained upon the note, because that had long been barred by the statute of limitations, and could not be offered to support the money counts, if the plaintiff then had it, which was not shown to be the case.

Whether the defendant, if liable, is to be held for the costs accruing in the litigation between the plaintiff's intestate and his indorsee,—a litigation in which it does not appear that he had any interest, is a question which has not been presented for our consideration.

The result is that the indorser of a note may recover of the maker for any payment made upon the note after its dishonor, before the statute of limitation attaches.

He may recover for any payment made subsequent tô the intervening of the statute, if made by legal compulsion and upon a suit commenced before such intervention.

The statute of limitations commences running against the maker from the time of such payment or payments made by the indorser.

*The case to stand for trial.*

CUTTING, WALTON, DICKERSON, and DANFORTH, JJ., concurred.