Filed Feb. 17, 1886.

No. 12,088.

HOFFMAN *v.* BUTLER.

PROMISSORY NOTE.—*Principal and Surety.*—*Accommodation Endorser.*—*Subrogation.*—One who becomes accommodation endorser for two joint makers of a promissory note at the request of one only of such makers, upon being compelled to pay, is subrogated to the rights of the original cred-

itor, and may maintain an action against the other maker, both pre-sumptively standing to him as principals.

SAME.—*Delivery.*—*Implied Authority of One Joint Maker to Procure Endorser.*
—A promissory note is not a complete instrument until delivery, and the possession of it by one joint maker impliedly authorizes him to se-cure an additional endorser.

From the Perry Circuit Court.

*H. J. May*, for appellant.

*S. K. Connor* and *W. Henning*, for appellee.

ELLIOTT, J.—The appellant, Wendell Hoffman, and Thomas A. Clark, were sureties on a bond executed by Aaron Black-ford to the Remington Sewing Machine Company; the prin-cipal in the bond violated its condition and his sureties be-came liable to the obligee. The debt due the latter was compromised and a note was executed for the sum agreed to be paid; this note was signed by Clark and Hoffman, and was endorsed by John Marto and the appellee, James M. Butler. Suit was brought on the note and judgment ob-tained. One-half of the amount of the debt evidenced by the note was paid by Butler and one-half by the other en-dorser, John Marto. Clark testified that he and Hoffman were the original debtors, and that they were the principals in the note. In the course of his examination as a witness, Clark was asked: "Was Wendell Hoffman surety for you in any of these things?" and he answered: "He was not, he and I were principals on the note and Butler and Marto were sureties."

Butler testified, among other things, as follows: "I signed the note as surety for Clark and Hoffman; signed it on the back at Clark's plow factory; he asked me to sign it; Hoff-man never asked me to sign the note; Mr. Hoffman never expressly nor impliedly requested me to sign the note as surety for him; I regard Hoffman as a principal in the note."

This evidence very satisfactorily shows that no part of the original consideration was received by Butler, but that it enured entirely to the benefit of the joint makers of the note.

The position occupied by Butler is, therefore, that of an accommodation endorser for two joint makers, who appeared upon the face of the note to be primarily bound for the debt evidenced by it. He did not undertake to endorse the note for the accommodation of one of the joint makers, but for both, and, as the note had not been delivered, it must be held, in the absence of countervailing evidence, that both of the joint makers stood to him substantially as principals. 2 Daniel Neg. Inst. 1332a; Baylies Sureties, 470, 475. The note was not a completed instrument until delivery, and the possession of it by one joint maker impliedly authorized him to secure another endorser before completing it by delivery. This is just and equitable, and does the appellant no harm, for it can make no difference to him whether he pays the amount of the note to the original creditor or to the person who endorsed it for accommodation without receiving any consideration. The makers are liable to pay the note, for they received the consideration, and it would be unjust to cast that burden upon one who had received no benefit. We are clear that the appellee has a right to recover the amount paid by him, and to be subrogated to the rights of the original creditor.

Appellant relies upon a general statement contained in section 180 of Brandt on Suretyship and Guaranty, but this general statement will be found on examination not to apply to such a case as the present. The single case cited by that author contains this language: "The counsel for the plaintiff assimilates the case to that of an endorser on a bill of exchange or promissory note, who has paid all and taken up the paper, or who has paid part: he may maintain assumpsit for money paid to the use of the acceptor of the bill or drawer of the note. *Pownall* v. *Ferrand,* 12 Engl. C. L. 230. The answer to this argument is, that the endorser of a bill or note is considered in law a surety. A bill is an undertaking by the acceptor, and a note by the drawer, to pay the sum named at all events; and each subsequent party by his endorsement,

undertakes to pay it upon default of any prior party. Hence by the nature of these instruments, each subsequent party is a surety for every prior one." *Carter* v. *Black*, 4 Dev. & Bat. 425. It thus appears that when we get to the foundation of the authority relied upon by the appellant, it is flatly and strongly against him.

Judgment affirmed.

Filed Feb. 16, 1886.