ESTHER F. BLANCHARD, as Administratrix of the Estate of FLINT BLANCHARD, Deceased, Respondent, v. AMOS F. BLANCHARD, Appellant.

Bills, notes and checks — accommodation indorsements — rights and liabilities of an accommodation indorser — Statute of Limitations.

In case of the indorsement for value of business paper the indorsement is an independent collateral contract entered into by the indorser that he may sell the note, and no relation of principal and surety exists between him and the maker. Therefore, the only obligation or contract

on which he can sue the maker is that expressed in the instrument itself. But in case of an accommodation indorsement the relation of principal and surety exists, and the surety has a right to pay the debt, thereby canceling the note and the liability of the maker thereon, and then bring his action upon the implied promise, independent of the promise of the note, of the maker to reimburse him. In such case the indorser when he has been compelled to pay the note has a right of action against the maker on an implied contract, even though the Statute of Limitations has run upon the note.

*Blanchard* v. *Blanchard*, 133 App. Div. 937, affirmed.

(Submitted January 11, 1911; decided February 28, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 24, 1909, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*V. E. Peckham* and *John W. Wicks* for appellant. The payee, and first indorser of a promissory note, to recover of the maker for moneys paid as such indorser, must take up the note and bring his action on it against the maker, and cannot recover from the maker for moneys paid for the maker's benefit and impliedly at his request. ( *Woodruff* v. *Moore*, 8 Barb. 171; *Converse* v. *Cook*, 25 Hun, 44; 31 Hun, 417; *Crampton* v. *Foster*, 29 App. Div. 215; *Stephens* v. *M. Nat. Bank*, 88 Penn. St. 158; 32 Am. Rep. 441; *Graham* v. *Roberts*, 79 Ga. 72; *Perry* v. *Barrett*, 18 Mo. 140; *Bird* v. *Kay*, 40 App. Div. 533.)

*A. Frank Jenks* for respondent. Where one person is in the situation of a mere surety for another, whether he became so by actual contract or by operation of law, if he is compelled to pay the debt which the other in equity and justice ought to have paid, he is entitled to relief against the other, who was in fact the principal debtor. ( *Hunt* v. *Amidon*, 4 Hill, 345.) Even if respondent's intestate had not waived notice of protest and guaranteed the payment of the note, he

might, upon demand, after presentment, protest and notice, have paid the note and brought his action for money paid to appellant's use upon an implied assumpsit. (*Baker* v. *Martin,* 3 Barb. 634; *Neass* v. *Mercer,* 15 Barb. 318; *Peterson* v. *Wing,* Shedd, 437.) Respondent's intestate might have maintained a separate action to recover each of the payments as made by him, as for money paid to appellant's use, while the note remained outstanding and unpaid in part. (*Butler* v. *Wright,* 20 Johns. 367; *Butler* v. *Wright,* 2 Wend. 369.) When an accommodation indorser or other surety pays the debt of his principal, in discharge of his own liability therefor, the statute begins to run from the time of such payment and not from the time when the principal debt fell due. (*Rodman* v. *Hedden,* 10 Wend. 498; *Butler* v. *Wright,* 20 Johns. 367; *Butler* v. *Wright,* 2 Wend. 369; *Frank* v. *Brewer,* 26 N. Y. S. R. 590; *Norton* v. *Hall,* 41 Vt. 471; *Poe* v. *Dixon,* 60 Ohio, 124; *Scott* v. *Nichols,* 27 Miss. 94; *Thayer* v. *Daniels,* 110 Mass. 346; *Graves* v. *Johnson,* 48 Conn. 160.)

COLLIN, J. The defendant on May 12, 1900, made his negotiable promissory note for $1,100.15, payable with interest to the order of Flint Blanchard and to mature August 12, 1900. Flint Blanchard indorsed it for the accommodation of the defendant, who then delivered it to and received thereupon from Daniel Griswold the sum of $1,100.15. Flint Blanchard on July 9, 1900, waived demand of payment and notice of the non-payment thereof. The defendant made no payment upon the note. Flint Blanchard made two small payments thereon, and after his death, February 17, 1906, and plaintiff's appointment, March 5, 1906, plaintiff paid February 19, 1907, to Griswold upon his demand $1,101.50, the amount unpaid thereon; the Statute of Limitations being then invocable by the defendant, but not by the plaintiff, because the eighteen months next succeeding the death of Flint Blanchard were not a part of the time limited for the commencement of an action upon his indorsement against his administratrix. (Code Civ. Pro. section 403.) The action, commenced October 8,

1907, rests upon the payment of moneys for the use of the defendant and the contract, implied by law, of the defendant to repay them. The defendant's counsel takes the position that the making, indorsement and delivery of the note created an express contract between the defendant and Flint Blanchard, which was not annulled or changed through the payments to Griswold, the existence of which prohibits or bars an implication, and plaintiff is confined to an action upon the note, to which the Statute of Limitations is a perfect defense, and that the consequent loss of plaintiff is the result of the failure of her intestate and herself to take up and sue the note within the six years from August 12, 1906.

The doctrine of implied contract is firmly placed in our system of jurisprudence. With whatever reason or logic it and the legal fiction which it in part, at least, is, may be characterized as a mythical creation or an usurpation, it is too inveterate and useful to be either shattered or discarded; nor are we called upon to justify its existence by writing of the beneficial part it has worked in the historical development of the law. The law is practical and has as a purpose to adjudge, through just and general principles and precedents, investing it with certitude and continuity, the actual disputes growing out of the conduct and transactions of those under its jurisdiction. If it is not in all respects logical and conformable to pure reason, no more are the conduct and transactions which are the causes of those disputes.

This action is *ex contractu* and has no support other than a contract to be by the law implied from the facts and conditions established herein. In case the law refuses to declare the contract, the action fails. The note of the defendant must be eliminated as the basis of a recovery. Under the facts does the law imply a contract on the part of the defendant to pay the plaintiff the amounts paid by herself and her intestate by reason of his indorsement?

Those payments were not voluntary. As to Griswold, the indorsement was the agreement of Flint that on due presentment the note should be paid according to its tenor, and that

if it were dishonored and the necessary proceedings on dishonor were duly taken, he would pay the amount thereof to the holder (Laws of 1897, chap. 712, sections 113, 116), which at the time of the payments had become certain and obligatory. A payment is deemed in law to be compulsory when the party making it cannot legally resist it.

The relation, as to the debt, between the defendant and Flint, in so far as it is involved in this action, was that of principal and surety. (*Pitts* v. *Congdon*, 2 N. Y. 352; *National Exchange Bank* v. *Silliman* 65 N. Y. 475; *First National Bank of Buffalo* v. *Wood*, 71 N. Y. 405.) The defendant, when he procured the indorsement, impliedly engaged that he would indemnify Flint and reimburse him in case he was compelled to pay. This engagement was not created by the note. That was not delivered by the defendant to Flint, or had not validity until transferred to Griswold. The failure of the defendant to pay the note did not constitute a cause of action in favor of Flint against the defendant, but a payment by Flint did. A cause of action accrued when he paid, and the Statute of Limitations then began to run. Each of the payments made by Flint or the plaintiff was within the six years next before the commencement of the suit, and was not barred by the Statute of Limitations. (*Norton* v. *Hall*, 41 Vt. 471; *Thayer* v. *Daniels*, 110 Mass. 345; *Stanley* v. *McElrath*, 86 Cal. 449; *Hoffman* v. *Butler*, 105 Ind. 371; *Bullock* v. *Campbell*, 9 Gill, 182.)

It is undoubtedly the general, though not arbitrary and inflexible, rule of law that a promise by implication does not exist where the parties have made the promise express. This case, however, does not permit the application of the rule. Flint did not receive from the defendant an express promise of indemnity. The relation between them was as it would have been had the defendant on May 12, 1900, made his note for $1,100.15 payable with interest to Daniel Griswold and maturing August 12, 1900, and obtained at the same time from Flint his written agreement, of the substance of his indorsement of the note, and delivered the note and agree-

ment to Griswold, who advanced thereon to defendant the sum of $1,100.15. The making and indorsement of the note. did not make a contract between them because there was neither consideration nor delivery between them. The note was made payable to Flint, not because the defendant owed him, but in order that he might by his indorsement enable defendant to get the money of Griswold. The transfer of the note by defendant to Griswold did not create a contract between defendant and Flint. If Flint had desired to sue upon the note, he could, as might any other, have purchased it of Griswold and brought his action upon it within the six years next after its maturity, but therein he would sue not as the surety, but as the assignee and owner of the obligation and indebtedness of defendant to Griswold. (*Pinney* v. *McGregory*, 102 Mass. 186.) As surety, it was his right to pay the debt, thereby canceling the note and the liability of the defendant thereon, and then bring his action upon the implied promise, independent of the promise of the note, of the defendant to reimburse him. This was the right exercised by the plaintiff. These views in nowise conflict with the decision in *Woodruff* v. *Moore* (8 Barb. 171). That was the case of an indorser for value of business paper. In such cases the indorsement is an independent collateral contract entered into by the indorser that he may sell the note, and no relation of principal and surety exists between him and the maker. (*Colgrove* v. *Tallman*, 67 N. Y. 95, at p. 99.) Therefore, the only obligation or contract on which he can sue the maker is that expressed in the instrument itself. .

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Judgment affirmed.