ESTATE OF EDWIN HODGE, DECEASED, MRS. FRANCES D. HODGE AND THOMAS D. HODGE, ADMINISTRATORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102134.   Promulgated September 8, 1943.

*John C. Ristine, Esq.*, for the petitioners.
*P. M. Clark, Esq.*, for the respondent.

### OPINION.

Kern, *Judge:* The primary question which we have for determination is whether or not petitioners realized taxable income in 1936 upon the distribution to one of the heirs of the estate, as a part of his distributive share thereof, of certain notes of the face value of $80,000 which he had given to decedent in 1931 and 1932 as evidence of loans in that amount.

The notes had been valued for estate tax purposes at $28,190, and were distributed to the heir on the basis of their face value. Respondent contends the estate realized taxable gain to the extent of $58,810, the difference between the face value of the notes and the figure at which they were valued for estate tax purposes.

Petitioners contend, first, that the sum of $80,000 represented by the notes constituted gifts or advancements from decedent to his son, and that the notes were erroneously included among the assets of the estate.

The facts disclosed by the record do not support petitioners' contention that the $80,000 represented by the notes were gifts or advancements by the decedent to his son. The son requested the money as "loans" and insisted upon furnishing notes and collateral security therefor. He also testified at the hearing that he intended to repay the money and had furnished the collateral in order to protect his father, as well as he could. While the father expressed a doubt to his other son whether the notes would be paid, we are not told that he indicated any intention of canceling the debt, and his books, which were complete and accurate, do not reflect any such action. His generosity to his sons on past occasions was well established, as is the fact that his generosity sometimes took the form of canceling notes representing earlier loans, but we can not assume from that fact alone that his intention with reference to these loans would necessarily have been the same. The relationship of the parties with respect to these notes was apparently that of debtor and creditor, and we can find no justification in the record for regarding the transactions otherwise.

Petitioners' next contention presents a more difficult question. It is urged that the notes became worth full face value immediately upon decedent's death, by reason of the expectancy of inheritance from the estate by the maker of the notes, and that the proper basis of the notes to the estate is their value at the time of decedent's death, which, they contend, is the sum of $80,000. Their distribution, therefore, on the basis of face value, would not result in any taxable gain or income to petitioners.

It was established that the maker of the notes, Edwin Hodge, Jr., was insolvent a year before his father's death, although the extent of his insolvency is not established, and no evidence was introduced

to show his solvency at the time of his father's death. The administrators valued his notes for estate tax purposes by valuing the collateral securing them. The controversy which followed with the Commissioner seems to have centered solely around the question of the value of that security, and the value of $20 per share was finally agreed upon and the notes were valued for estate taxes accordingly. No consideration seems to have been given at that time to the fact that, immediately upon his father's death intestate, the son acquired a right to one-fourth of an estate in excess of half a million dollars, and the estate had a right to set off the face amount of the son's notes against any distribution to be made to him by the estate.

Thus, the question presented here is whether notes given to a decedent prior to his death by one who is a beneficiary of decedent's estate in an amount greater than the face value of the notes can properly be said to be worth less than their face value at the death of the decedent, in view of the maker's right of inheritance and the right of set-off of the amount of the notes against the beneficiary's share in the estate. We are unable to see how such a result could reasonably be justified. The notes in question here, in our opinion, became worth their face value at the time of decedent's death by reason of the maker's right of inheritance from the estate in an amount in excess of their face value, and this value attached to the notes regardless of the lack of other resources of the maker and regardless of the value of any collateral security.

In the cases relied upon by respondent as establishing the realization of income under the facts there was a disposition of notes held by the decedent at a figure in excess of the real value of the notes at the time of decedent's death. Thus, in *Helvering* v. *Roth*, 115 Fed. (2d) 239, the court said:

\* \* \* The notes by hypothesis were worthless when the executors got them; *it was not a case of mistake as to their value;* they were worth what the executors could have realized on them and that was nil. When they were paid in full, there was certainly a realized gain and not a mere increase in value. [Italics ours.]

The instant case differs from the cases cited by respondent in at least this important respect: The right of decedent's administrators to the notes here in question arose by reason of and at the time of decedent's death, and by reason of and at the time of the decedent's death the maker of the notes became entitled as heir to a part of decedent's estate, the value of which was in excess of the face amount of the notes. See section 113 (a) (5), Revenue Act of 1938, which provides, "If the property was acquired \* \* \* by inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition." The property rights of the heir and of the decedent's estate are acquired at the death

of the decedent. Therefore the acquisition of rights by the heir and the estate are simultaneous, and the time of acquisition in both cases is the moment when the decedent ceases to live. Thus at the time when the administrators were entitled to the notes they were, in reality, worth their face amount. It follows that their later distribution to the maker–heir upon the basis that they were worth their full face value did not result in taxable income to decedent's estate.

Our holding on this point disposes of the principal issue presented, and we are not called upon to decide the question whether distribution of the notes by decedent's estate to an heir who was also the maker of the notes distributed to him was such a disposition of property as gave rise to taxable gain or loss. As a general rule, the distribution of property by an estate to an heir is not such a disposition. See sec. 113 (a) (5) of the Revenue Act of 1936 and Regulations 77, art. 863. The only circumstance found here which might exclude this case from the operation of that rule is the special character of the property distributed. Whether the fact that the property consisted of promissory notes and was virtually extinguished, as such, as a result of the distribution of the notes to the maker thereof, would render the general rule inoperative here is a question which it is unnecessary to decide, in view of our holding on the issue last above presented.

Neither the petitioners nor this Court are concluded by the valuation for estate tax purposes. We have decided that the notes were worth $80,000 at the time of their acquisition by petitioners. Since no question of estoppel or *res judicata* is involved, the latter figure must be used by us in determining whether decedent's estate has realized taxable income. If there was an undervaluation for estate tax purposes, it can not be made the basis for the imposition of an income tax when, in reality, no income has been realized.

Our holding on the primary issue disposes of the other questions raised in the proceeding.

*Decision will be entered of no deficiency.*