*Decision will be entered under Rule 50.*

ESTATE OF ELIZABETH V. HARPER, DECEASED, GENESEE VALLEY TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15948. Promulgated October 29, 1948.

*Walter J. Holloran, Esq.*, for the petitioner.
*Clay Holmes, Esq.*, for the respondent.

OPINION.

HARLAN, *Judge*: The sole issue in this proceeding is whether the notes mentioned in our findings should be included in decedent's gross estate at face value plus interest, as determined by the respondent, or whether they should be included at a value equivalent to the value of assets held as security therefor plus the net worth of the makers, as contended by petitioner.

The cases cited by the respondent in support of his determination are *Buck* v. *Helvering*, 73 Fed. (2d) 760; *Estate of Henry Monroe Springer*, 45 B. T. A. 561; *Estate of Charles H. Lay*, 40 B. T. A. 522; and *Estate of Edwin Hodge*, 2 T. C. 643. *Buck* v. *Helvering*, *supra*, holds that the Commissioner's determination of the value of a note for estate tax purposes is presumptively correct, and that, in the absence of evidence showing a different value or that the note was worthless, his determination will be sustained. A similar holding was made in *Estate of Henry Monroe Springer*, *supra*. *Estate of Charles H. Lay*, *supra*, involved the valuation for estate tax purposes of securities loaned by a decedent to his son for use as additional collateral to secure the son's indebtedness to a bank on promissory notes which had not been paid at the time of decedent's death. The executor deducted as a claim against the estate the amount of the son's notes. It was held that, where an estate is liable only as surety or endorser, it can not take any deduction because of such liability where the principal has ample assets to pay the indebtedness. In *Estate of Edwin Hodge*, *supra*, the

question involved was whether an estate realized income when it distributed to decedent's son certain notes evidencing an indebtedness owed to the decedent by the son, who was insolvent and unable to pay the notes on the date of decedent's death but became solvent by reason of the inheritance left him by decedent. It was held that at the time of acquisition of the notes by the estate they were worth their face value ($80,000) and that the estate realized no taxable income upon their distribution at face value to the son, one of the heirs of the estate. The findings disclose that for estate tax purposes the notes were included in the gross estate at $28,190, which the parties agreed was the value of the collateral on the date of the decedent's death.

The petitioner cites and relies upon *Estate of William Walker*, 4 T. C. 390. In that case notes executed to a decedent by two of his children, which were partly secured by collateral but subject to defenses of the statute of limitations and coverture, were held to have no value in excess of that of the collateral.

No useful purpose would be served by discussing at length the cases cited by the parties. Suffice it to say that an examination of them convinces us that they are not particularly helpful in arriving at a solution of the issue presented. Respondent seeks to include the notes in decedent's gross estate at face value plus interest for the reason that immediately upon the death of the decedent the makers of the notes became vested with more than sufficient assets to satisfy their obligations. In other words, he looks to the amount of the inheritances of the makers to create value in notes which otherwise had no value in excess of the security therefor plus the net worth of the makers. In doing this he overlooks the fact that the estate tax is a tax imposed "on the privilege of transferring the property of a decedent at death, measured by the value of the interest transferred or which ceases at death." *Chase National Bank* v. *United States*, 278 U. S. 327. And section 811 of the Internal Revenue Code provides that the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property "to the extent of the interest therein *of the decedent* at the time of his death." (Italics supplied.) At the time of her death the decedent had an interest in notes the value of which did not exceed the value of the assets held as security therefor plus the net worth of the makers, and that is the interest which ceased at her death. We hold that the petitioner correctly returned the value of the interest of the decedent in the notes at the time of her death for estate tax purposes.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

VAN FOSSAN and LEMIRE, *JJ.*, concur only in the result.

DISNEY, *J.*, dissents.