ESTATE OF MARGARET RUTH BRADY FARRELL, DECEASED, NEILE F. TOWNER, CENTRAL HANOVER BANK AND TRUST COMPANY, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19764. Promulgated June 8, 1949.

*Neile F. Towner, Esq.,* and *Julian B. Erway, Esq.,* for the petitioners.

*Clay C. Holmes, Esq.,* and *Michael Waris, Jr., Esq.,* for the respondent.

964

OPINION.

OPPER, *Judge*: The issue of fact which according to petitioners is dispositive of the primary question has been covered by our findings of fact. We can not conclude from the evidence that petitioners have borne their burden of showing that, by the change in the form of the notes or any other definitive action, decedent intended to or did relieve her son from his liability for the indebtedness which they represent. We are unable to find that kind of primary evidence of a gift—a direct transaction between donor and donee—which is necessary, see *Blanche S. Ross*, 28 B. T. A. 39, and presumably could have been shown, if it existed, by the production as a witness of the putative donee himself, decedent's son. This was not done, and its lack is not adequately explained. See *Wichita Terminal Elevator Co.*, 6 T. C. 1158; affd. (C. C. A., 10th Cir.), 162 Fed. (2d) 513. Something more than mere promises or general statements is ordinarily necessary to effectuate a valid gift. See *Estate of Theodore O. Hamlin*, 9 T. C. 676; *R. C. Coffey*, 1 T. C. 579; affd. (C. C. A., 5th Cir.), 141 Fed. (2d) 204. We find nothing to fill that requirement.

Assuming that legal questions nevertheless exist, they may be disposed of summarily. Once it is concluded that there was no ultimate assumption of the obligation by decedent, her participation was that of surety, regardless of whether she might in the first instance have been compelled to make good on the debt. "The relation as to the debt between the defendant [the accommodated party] and Flint [the accommodation endorser and plaintiff's intestate] in so far as it is involved in this action was that of principal and surety." *Blanchard* v. *Blanchard*, 201 N. Y. 134; 94 N. E. 630. The original indebtedness was that of the son, and petitioner estate could have required him to satisfy the obligation in its stead out of any property becoming available to him. *Blanchard* v. *Blanchard, supra.* Even if his solvency resulted only from an inheritance out of the same estate, that result would follow. *Estate of Charles H. Lay*, 40 B. T. A. 522. "* * * where an estate is liable only as surety or endorser, it cannot take any deduction because of such liability where the principal has ample assets to pay the indebtedness." *Estate of Elizabeth Harper*, 11 T. C. 717, 719. This proceeding is distinguishable from the *Harper* case on the grounds thus stated as a distinction from *Estate of Charles H. Lay, supra.* And, contrary to the situation in the *Harper* case, the solvency of the primary obligor here was established by his inheritance from another estate, not that as to which the issue is being raised. It

follows that for both reasons *Estate of Elizabeth Harper, supra,* is inapplicable and that the situation falls squarely within the principle of *Estate of Charles H. Lay, supra.*

The only evidence as to the value of the securities in the estate supports respondent's determination and petitioner has abandoned this issue. The amounts of deductions by reason of estate expenses are by stipulation to be increased by $3,500 for costs of administration. Other expenses are by agreement to be disposed of in the recomputation.

*Decision will be entered under Rule 50.*