Johs J. Dillon, S.
In this executors ’ accounting proceeding the special guardian has interposed objections relating to the validity of the claim of the corporate coexecutor and also as to the method employed by it in satisfying such claim.
A hearing was held on January .30, 1959, and the evidence adduced at such hearing established that the decedent and his wife executed a $12,000 note on July 26, 1954, and that simultaneously therewith they pledged stock, which was registered in their joint names with a right of survivorship, as collateral security for such loan. Subsequent to decedent’s death, the corporate coexecutor, who is also the creditor on the aforesaid loan, sold the collateral security and transferred the proceeds thereof to the widow.
The special guardian contends that the corporate coexecutor did not have the authority to satisfy its own claim without court approval by reason of the provisions of section 212 of the Surrogate ’s Court Act, and that the loan should have been satisfied out of the fund derived from the sale of the collateral security. It is the contention of the coexecutor that the decedent was primarily liable on the note and that his wife was merely an accommodation maker. The court finds that the evidence sustains the position of the corporate eoexeeutor and that the proceeds of the loan were used exclusively by the decedent. Therefore, since the wife was a surety and since a surety has the right to be indemnified for payments which he is compelled to make (Blanchard v. Blanchard, 201 N. Y. 134) it is clear that under no circumstances could the estate have escaped liability on the debt.
It is well established that an estate representative has no authority to satisfy his own claim without court approval. However, in view of the fact that the corporate coexecutor has proven its claim to the satisfaction of the court, and since there is no evidence of any loss to the estate by reason of the manner in which this matter was handled, the acts of the corporate coexecutor are ratified and the objections interposed by the special guardian are dismissed.
Settle decree.