### Jerome L. MURRAY, Plaintiff,

v.

### Stanley Z. BRONNER, Defendant.

United States District Court
S. D. New York.

Dec. 4, 1962.

Egan & Bliss, New York City, for plaintiff. Herbert J. Bliss, New York City, of counsel.

Gallop, Climenko & Gould, New York City, for defendant. Martin I. Shelton and Michael Leschnitzer, New York City, of counsel.

MacMAHON, District Judge.

These are two motions, the first by defendant to dismiss the complaint for insufficiency, pursuant to Rule 12(b) (6), Federal Rules of Civil Procedure, and the second, a cross-motion by plaintiff to consolidate a pending state court action with this one, or remand this one to the state court. This action was commenced in the Supreme Court of the State of New York but was removed to this court by defendant on the ground of diversity, pursuant to 28 U.S.C. § 1441 et seq.

The complaint alleges that the payee of a certain note, upon the maker's default, has commenced an action in the Supreme Court of the State of New York against plaintiff, an accommodation endorser, for the amount due on the note. There is no allegation that plaintiff has paid the note. Rather, it is clear that he has not, for the relief sought is a money judgment against the maker for the amount due on the note if the accommodation endorser is held liable to the payee in the state action.

██ Jurisdiction is based solely on diversity. The sufficiency of plaintiff's claim is governed, therefore, by the law of New York. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). According to New York law, the relationship between a maker and an accommodation endorser is that of principal and surety. Consequently, an accommodation endorser has no claim for damages against the maker until he suffers a loss by payment of the debt. Blanchard

v. Blanchard, 201 N.Y. 134, 94 N.E. 630, 37 L.R.A.,N.S., 783 (1911); Goldberg v. Albert, 161 Misc. 281, 291 N.Y.S. 855 (1936). The complaint is thus insufficient because it does not allege payment, but merely a contingent liability if the payee succeeds against the maker in the state court.

In view of the above determination, plaintiff's motion to consolidate or remand is moot. In any event, it is clear that 28 U.S.C. § 1441(c), upon which plaintiff relies, affords no basis for removal to this court of the payee's action now pending in the state court, or to remand an action where properly removed on the ground of diversity.

Accordingly, defendant's motion to dismiss the complaint is granted without prejudice, and plaintiff's cross-motion is in all respects denied. So ordered.